## Hicks, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Right angle collision between wagon and trolley car—Contributory negligence.*

In an action against a street railway company to recover damages for personal injuries and for injuries to a horse and wagon, the plaintiff is not entitled to recover where it appears from his own evidence that at the time of the accident he was driving from a side street across a main thoroughfare on which an electric railway was operated, that his horse and wagon together were twenty feet long, that he was going at a rate of four or five miles an hour, that he saw a car 125 feet away coming at a high rate of speed, and that his wagon was struck in the middle as he crossed the tracks.

Argued Dec. 16, 1912. Appeal, No. 193, Oct. T., 1912, by plaintiff, from judgment of C. P. No. 5, Phila. Co.,

Sept. T., 1908, No. 4,170, for defendant non obstante veredicto in case of Andrew J. Hicks v. Philadelphia Rapid Transit Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries and for injuries to a horse and wagon. Before RALSTON, J.

At the trial the jury returned a verdict for plaintiff for $359.

On a motion for judgment for defendant non obstante veredicto STAAKE, J., filed the following opinion:

In this case there is no direct evidence of negligence upon the part of the defendant company's motorman, other than that arising from an inference to be drawn from the plaintiff's testimony. The plaintiff said: "When I was going across the track the car was right above the opening of the Mint Arcade Building"—"about 125 feet it was" —"I measured it off"—"after the accident about two months I guess it was, or six weeks" after. The occurrence was at Juniper and Chestnut streets about 8.45 A. M., October 8, 1908. The trial took place May 16, 1912. The plaintiff was driving south on Juniper street going to Twenty-second and Lombard streets to deliver a load of wood, driving a single one-horse wagon at "a fast walk of the horse." When he "drove on to Chestnut street" the car was on the east side of Broad street "coming down." The car kept on coming down the track towards him after he "drove on the track" and he "touched the horse up with the whip and he (the motorman) kept on going and drug me on down the track," the wagon was dragged down the track about thirty feet. Plaintiff stated "it was about twenty feet" from the back end of his wagon to his horse's head, and he was "going about five or six miles an hour, a fast walk of the horse."

Defendant's motorman swore that when he started to come away from Broad street he "didn't see nothing of him [plaintiff]"—that as he was approaching Juniper

street plaintiff came out Juniper driving a wagon and he rung the bell and saw plaintiff was paying no attention to him and kept on driving, and when he went to stop, when plaintiff saw him "he went to swing" and plaintiff was so close to him that "when he swung, the car and wagon came together àt the left hand corner"—the car going about ten or fifteen feet after it hit him (plaintiff). The car had stopped at Broad street on both sides of the street, and he was using "only a couple of points of power" and the rail was bad and he shut off again for Juniper street "and was drifting without any power." The plaintiff's wagon was about fifteen or twenty feet from the car when the motorman saw the plaintiff look at him.

On cross-examination, the motorman stated that "the first time he saw plaintiff's wagon was when he approached the track, about thirty or forty feet from Juniper street— plaintiff was coming out of Juniper street and his horse was not on the track then. When the plaintiff drove on the track the car was about fifteen or twenty feet away from plaintiff, and that he started to put on the brakes when he first saw plaintiff come out of Juniper street.

The fact of a collision does not necessarily prove negligence upon the part of the defendant. The plaintiff must show the want of care upon the part of the defendant, and that this absence of care, without any negligence upon the part of the plaintiff, contributing to the injury, caused the injury to the plaintiff.

The duty to look for an approaching street car is an absolute duty, and failure to do so is negligence per se. The duty is not performed by looking when first entering on the street, but continues until the track is reached: Moser v. Union Traction Co., 205 Pa. 481.

It is not at all clear from the plaintiff's testimony that he looked immediately before driving upon the track. He describes a situation when he was "going across the track." The case is one in which the question of mathematical calculation must control the issue. Quoting from the brief of the learned counsel for the defendant:

"If, as the plaintiff says, his wagon was twenty feet long, and if it was struck in the middle, and if he was traveling five or six miles an hour, and if the trolley car was 125 feet away when he started upon the track, the plaintiff must have traveled just about fifteen feet while the trolley car traveled 125 feet. In other words, the car traveled eight and one-third times as fast as the plaintiff. If the plaintiff was going five miles an hour, this would require the trolley car to be going more than forty-one miles an hour, and if the plaintiff was going six miles an hour, this would require the trolley car to go at the rate of fifty miles an hour. As the plaintiff himself says that he whipped up his horse when on the track, he was doubtless, under his own testimony, going nearer six miles than five miles."

Such calculations would justify only one inference: that the plaintiff was mistaken in his distances. He was testifying more than three and one-half years after the occurrence. Assuming his data, however, to be correct, and making the calculations from such data, we must, in drawing an inference of negligence upon the part of the defendant, necessarily also draw an inference of negligence upon the part of the plaintiff. He states he drove a horse, pulling a loaded wagon, on a walk in front of a trolley car, when the car was only 125 feet distant, proceeding at the rate of fifty miles an hour. Mease v. United Traction Co., 208 Pa. 434, is in point.

The plaintiff, from his own testimony, applying the mathematical rule, must have walked directly in front of a rapidly approaching car. He was driving out of a side street onto a principal thoroughfare used by various lines of trolley cars and should have exercised special care under such circumstances. If a car is approaching, it has the right of way, and if the car was so close to him that he had not time to get safely across the track, he had no right to drive upon it.

Under all of the evidence in the case, the plaintiff was clearly guilty of contributory negligence, and the motion

178   HICKS, Appellant, *v.* PHILA. RAP. TRAN. CO.

Opinion of Court below—Opinion of the Court.   [53 Pa. Superior Ct.

of the defendant for judgment non obstante veredicto in favor of the defendant must be and is granted.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*C. N. Callender*, with him *Warren C. Graham*, for appellant.

*Charles L. McKeehan*, of *Roberts, Montgomery & Mc-Keehan*, for appellee.

OPINION BY MORRISON, J., February 27, 1913:

In this action of trespass, based on the alleged negligence of the defendant, the trial judge, RALSTON, submitted the case to the jury, refusing the defendant's point that "under all the evidence the verdict must be for the defendant." The jury found for the plaintiff $359 and, on motion for judgment non obstante veredicto, the court, on argument and consideration, in an opinion by STAAKE, Judge, entered judgment for defendant non obstante veredicto.

We have carefully examined the testimony and the argument of appellant's learned counsel and we fail to see any merit in this appeal. If the appellant told the truth on the witness stand, he was guilty of gross negligence in driving in front of a trolley car which was running at such a rapid speed down Chestnut street, between Broad and Juniper streets, that it ran 125 feet while he was driving across the track with his horse going at the rate of five or six miles an hour. The appellant insisted that he saw the car when it was 125 feet from the place where he sought to cross. This would be about seven rods distant. If this was so, then the car must have been running at a very dangerous speed and having seen it, he was guilty of contributory negligence in attempting to cross in front of the car when a halt of a few seconds would have allowed it to pass. He claims that the car had just

started from the east side of Broad street when he first saw it, and it is unreasonable to suppose that it was running at any such speed as the plaintiff testified to and it is highly probable that the car was much nearer the point where plaintiff crossed, than he stated, when he drove in front of it. But we have his positive testimony that he saw the car approaching rapidly and that he undertook to cross in front of it, and if it be a fact that the car was much nearer to him than 125 feet when he drove in front of it, he must be considered guilty of gross negligence in that event.

The only assignment of error is that the court below erred in entering judgment for the defendant non obstante veredicto. We think the opinion of Judge STAAKE, which appears in the report of the case, with the authorities therein cited and many others that might be cited, fully and satisfactorily vindicates the judgment in favor of the defendant, and any further discussion on our part would not be profitable.

The appeal is dismissed at the cost of appellant, and the judgment is affirmed.