## Evans, Appellant, *v.* Pittsburgh Rys. Co.

*Negligence—Street railways — Automobile — Grade crossing—Contributory negligence.*

1. A driver of an automobile is guilty of contributory negligence if, in approaching a grade crossing of a street railway, he

neglects to stop immediately before proceeding onto the tracks, when a street car, in plain view, is speedily bearing down upon him.

Argued March 19, 1925. Appeal, No. 50, March T., 1925, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1921, No. 568, for defendant n. o. v., in case of James S. Evans v. Charles A. Fagan et al., Receivers of the Pittsburgh Railways Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,100. Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*William D. Grimes,* for appellant.

*Craig Smith,* for appellees.

PER CURIAM, April 13, 1925:

Plaintiff sought to recover damages for injuries sustained in a right-angled collision between an automobile owned and driven by himself and a street car of defendant company; the jury found for plaintiff, but judgment n. o. v. was entered by the court below in favor of defendant, on the ground of the former's contributory negligence. The only question before us is whether this judgment was proper under the circumstances.

Construing the evidence in a light most favorable to appellant, we are clearly of opinion he was negligent. While approaching the tracks of the railway company, plaintiff, with no obstruction of his view, observed the car on his left three hundred feet away, rapidly nearing the point at which he intended to cross; his automobile was at that time fifty feet from the crossing; upon pro-

ceeding to within about twenty feet of the tracks he then saw the car approximately one hundred and twenty-five feet distant and still moving rapidly toward him. Plaintiff admitted that his automobile was going so slow that he could have stopped at any time within five feet of the crossing, but, instead, he attempted to cross the path of the on-coming car and was almost instantly struck.

In neglecting to stop immediately before proceeding onto the tracks, when the street car, in plain view, was speedily bearing down upon him, plaintiff failed to exercise the care required under the circumstances.

The judgment is affirmed.