## Amey *v.* Erb, Appellant.

Argued January 28, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Clarence J. Buckman,* for appellant.—So far as any alleged violation of the statutes relative to load, lights, etc., is concerned, no connection between them and the accident being shown, no question of violation of a statute, as negligence, is involved: Lane v. E. A. Mullen, Inc., 285 Pa. 161; Stubbs v. Edwards, 260 Pa. 75; Clamper v. Phila., 279 Pa. 385, 388; Mehler v. Doyle,

271 Pa. 492; Snyder v. R. R., 239 Pa. 127; Windisch v. Gas Co., 248 Pa. 236.

Testimony showing an impossible situation will not entitle a jury to infer that defendant negligently produced it: Folger v. Rys., 291 Pa. 205; Lessig v. Transit & Light Co., 270 Pa. 299; Seiwell v. Director General, 273 Pa. 259; Bornscheuer v. Traction Co., 198 Pa. 332.

Plaintiff's evidence is insufficient to support an inference that the proximate cause of his injury was something for which defendant was responsible, but shows plaintiff was responsible for the collision: Flanigan v. McLean, 267 Pa. 553; Welsh v. R. R., 181 Pa. 461; Phila., etc., Ry. Co. v. Henrice, 92 Pa. 431; Eshleman v. Stock Yards Co., 222 Pa. 20; Bollinger v. Sand Co., 232 Pa. 636; Alexander v. Water Co., 201 Pa. 252; Bruggeman v. York, 259 Pa. 94.

The verdict was excessive and perverse: Goldman v. Mitchell-Fletcher Co., 285 Pa. 116; Gail v. Phila., 273 Pa. 275.

The refusal of the court below to withdraw a juror is ground for a new trial: Walsh v. Wilkes-Barre, 215 Pa. 226; Lenahan v. Coal M. Co., 221 Pa. 626.

*Harry E. Grim*, of *Grim & Grim*, for appellee.

OPINION BY MR. JUSTICE SADLER, April 22, 1929:

The plaintiff, Amey, recovered a verdict against the defendant, Erb, for $11,405, for personal loss caused by the overturn of his automobile, resulting in serious injuries from which he still suffers. It was shown that he was driving his father's truck, carrying a heavy load of lumber, on the early morning of October 23, 1926, down a hill on the Bethlehem Pike. He was proceeding at a comparatively slow speed, with at least one light burning. The road was seventeen or eighteen feet in width, with a berm on each side of one and one-half or two feet. Though still dark, the weather was clear, and he saw, when some distance away, the five-ton truck of the de-

fendant ascending the hill, also at a slow rate, and the defendant's driver observed him. The testimony, if believed, and, for the purposes of this appeal, we must consider it as true, showed the car of defendant was being driven in the center of the highway, the body extending across the middle line. Plaintiff sounded his horn as he approached, but was compelled to move far to the right, so that his car could use but two and one-half feet of the macadam, the right wheel being turned onto the shoulder of the road to the edge of the ditch by its side. Sufficient clearance remained to pass the front of the oncoming car, but the hub of his left front wheel came in contact with the back of the rear wheel of defendant's car, which extended farther into the highway than did the one in front, the total width of the machine in the rear being in excess of ninety-six inches, the limit permissible to such vehicles under the Automobile Act of 1925 (April 27th, P. L. 254, section 3), the legislation in force when the accident happened. The result of the contact was to tear loose the front axle of plaintiff's motor, breaking the steering gear. This made impossible the further control of his truck, which swung at an angle cross the road to the left into a ditch, where the load of lumber was overturned onto plaintiff, causing serious injuries.

An action for damages was instituted, it being averred that the collision was due to the conduct of defendant's driver, whose lack of proper caution in several regards was set forth in the statement filed. It is enough to say the allegation that his truck was not keeping to the right of the center of the roadway, supported by adequate proof, was sufficient to make the question of negligence one for the jury. The driver of the car coming up the hill saw the one descending, so that the question of lights and signals becomes immaterial, as the lack of either in no way contributed to the accident: Bloom v. Bailey, 292 Pa. 348; Robinson v. American Ice Co., 292 Pa. 366. Erb's chauffeur stated that he was on the right, and not

in the center of the highway, as testimony for the plaintiff indicated, but that was a question of fact for the triers to determine, and they found against defendant.

When the plaintiff reached defendant's car, the latter was occupying an undue portion of the road, and the former was required either to move farther over on the highway to the parallel ditch, or bring his motor to a standstill. The ability to pass safely on the side where he had the right to be was a matter for the exercise of his judgment. As was said in Community Fire Co. v. Pa. P. & L. Co., 92 Pa. Superior Ct. 304, 309: "The driver of the truck could not be held to nice calculation as to the closeness of his approach to the automobile. There is nothing in the testimony tending to charge him with negligence in the manner in which he managed his machine, at least it is not so clear that it was not properly managed as to justify a legal conclusion to that effect. When forced off the line of his direction, the driver was bound to exercise ordinary care in the circumstances, but what he was to do when confronted with the peril of a collision......depended on the apparent imminence of the danger...... Where one finds himself in a position of danger which is not the result of his negligence, he is not responsible if he make a mistake of judgment in getting out. An honest exercise of judgment is all that is required of him even if he could have done better if he had had time to deliberate." "Whether [the plaintiff] acted, as would a reasonably prudent man under like conditions, was a fact for the jury": Wolf v. Sweeney, 270 Pa. 97, 101.

It is earnestly urged that Amey, having effected a clearance of the front wheel, would necessarily have escaped impact with the rear one had the machine been kept in a straight line. Disregarding the undisputed fact that defendant's car was wider at the back, having an all-over width of more than 96 inches, the maximum limit allowed by the Automobile Act, or that it may have been swerved to avoid a dangerous situation, thus throw-

ing its rear wheel farther beyond the center of the highway, the exercise of due care was a matter which required solution by the jury. It cannot be said, as urged by appellant, that the physical surroundings disclosed a condition which would have made impossible the collision, if plaintiff had used proper precaution for his own protection. Though the suggested rule that binding instructions may be given under such circumstances will be enforced where the facts show inevitably that the accident could not have occurred had the driver acted properly, as held in Folger v. Pittsburgh Rys. Co., 291 Pa. 205, and there cited, yet the testimony here of record does not permit such a conclusion as a matter of law. The court could not have declared that the accident would not have happened in the way described by the witnesses for plaintiff. The jury was amply warranted in finding their version of the occurrence to be correct, and that the collision was due to the lack of care of the defendant's driver. Nor could it be said, as a matter of law, that this conduct was not the proximate cause of the injury, nor that the facts showed clearly that the loss was due to contributory negligence.

Other assignments of error are based upon the refusal of the trial court to withdraw a juror because of a reference by a witness to compensation insurance carried by the father of plaintiff, for whom the latter was at the time employed. This complaint was first raised as an additional reason for the granting of a new trial. It appeared that Dr. Grim, a witness for plaintiff, was called to describe the injuries sustained. When asked in reference to an examination of Amey at the hospital, he stated that "Dr. Hamilton of the insurance company was there twice," when investigations of the extent of the injuries were made. No continuance of the case was formally asked, but an exception was taken to the refusal to then withdraw a juror, though the objections made were at side-bar, and are not printed in the record. It did not appear, as suggested in the grounds stated for

a new trial, that the risk was covered by insurance carried by Erb, or that an indemnity company was involved. Counsel for defendant brought out by his own examination that the Hamilton referred to was the compensation doctor investigating the case for the father of plaintiff by whom the son was employed. The doctor had no connection with Erb, or one insuring him. Though remarks indicating that the defendant was so protected would have been objectionable, and would have resulted in the direction of a mistrial if objected to (Conover v. Bloom, 269 Pa. 548; Lenahan v. Coal Co., 221 Pa. 626), since the effect of such observation would be detrimental in leading the jury to believe the one sued would be saved harmless in whole or part, whatever the verdict, yet the rule suggested could not apply under the circumstances here disclosed, as held in King v. Keller, 90 Pa. Superior Ct. 600, a ruling approved by this court when it refused to permit an appeal from the decision there reported. See also Rice v. Shenk, 293 Pa. 524.

Finally, it is contended the verdict rendered is so excessive as to make necessary the setting of it aside. Considering the nature and extent of the injuries sustained, we cannot say the amount awarded is so large as to justify interference by us. A new trial will not be granted because of an alleged excessive verdict where it cannot be said the jurors were so palpably regardless of their duty and the sanctity of their oaths that they permitted their verdict to be rendered in obedience to their prejudices or their sympathies: Dziak v. Swaney, 289 Pa. 246. To the same effect are the recent cases of Schlossstein v. Bernstein, 293 Pa. 245; Clark v. Horowitz, 293 Pa. 441; Moraski v. P. R. T. Co., 293 Pa. 224. Though verdicts plainly disclosing unfairness, disregard of proof offered, and resulting in a perversion of justice may be set aside (Goldman v. Mitchell-Fletcher Co., 285 Pa. 116; Gail v. Phila., 273 Pa. 275), yet where the award finds justification in the evidence submitted, and has been approved by the court below, the facts must indicate an abuse of

568

its discretion, in approving the allowance, to warrant reversal: Petrie v. Kaufmann & Baer Co., 291 Pa. 211.

In the present case plaintiff was a young man of twenty-four, earning $45 a week. Both of his legs were fractured, as well as his right thigh, and he suffered great pain and shock. At the time of the trial the bones of his leg had not joined, but swung loosely in any direction, and his foot was turned inward. By reason of the shortening, by at least two inches of his limb, he suffered a fifty per cent disability in its use, and could move only with the aid of crutches. At the request of counsel, the trial judge specially charged the jury it should pass on the permanency of the injuries, and the possibility of securing relief for the future by undergoing a second operation. His presence in the hospital had been required for twenty weeks, and medical expenses and actual loss of wages to the date of trial amounted to $4,780. Irrespective of allowance for pain and suffering, endured and prospective, his earning capacity was permanently affected. We are not convinced that the verdict represents a capricious allowance under the evidence, and the court did not abuse its discretion in sustaining it.

The judgment is affirmed.