## Healey v. Robertson, Appellant.

Argued March 2, 1931.

Before Trex-
ler, P. J., Keller, Linn, Gawthrop, Cunningham,
Baldrige and Drew, JJ.

*A. F. Vosburg* of *Vosburg & Vosburg,* for appellant.

*Frank W. Coyne,* for appellee.

Opinion by Trexler, P. J., April 15, 1931:

The plaintiff was driving his car on a state high-
way. The roadway was covered with slush and ice,
was very slippery, and the plaintiff had "put on
chains." As he proceeded, he arrived at the top of

a hill, "he went into second," and began to descend the hill at the rate of ten miles an hour, the grade being from eight to ten per cent. About 150 yards away at the bottom of the hill, he saw defendant's car. It was coming at the rate of 35 miles an hour and was skidding. Plaintiff proceeded keeping close to the curb line on the right side of the road and at the time the accident occurred, had practically come to a stop. The defendant's car struck plaintiff's car and knocked it off the road against a tree.

The defendant denies liability because as he alleges the accident occurred through skidding and further, even if he was negligent, the accident would not have happened if plaintiff had done his duty.

The skidding of a car does not, standing alone, import negligence on the part of the driver. But if the skidding is due to the lack of reasonable care in the operation of the car, the mere fact that the car skidded does not relieve the driver from liability. In the present case, the driver was going fast and when he got to the bottom of the hill, he increased his speed. His car skidded on the slippery surface. The jury could conclude from the testimony submitted that defendant recklessly persisted in his attempt to climb the hill and that his duty, instead of speeding up the car, was to stop or at least slow up.

As to the alleged contributory negligence of the plaintiff, that was for the jury. It was instructed by the court as to the proper way to consider the subject. It was for it to decide whether as a reasonably prudent man, the plaintiff should have stopped at the top of the hill, or whether when he put his car into second gear and proceeded down the hill, he was doing all that was required of him, and that he was not charged with the duty to anticipate that the erratic motion of defendant's car, when plaintiff first saw it, would be persisted in. It was also within the jury's province to decide whether the plaintiff could be

charged under the circumstances with the duty of turning to the left in the brief period of peril before the collision.

The defendant submitted the following point: "If the jury find that Healey by stopping his car when he saw the Robertson car begin to skid, or by turning his car to the left, could have averted the collision; and further find that if he had exercised the care that a man of ordinary prudence would have exercised under like circumstances he would either have stopped or turned his car to the left, then the verdict should be for the defendant." In affirming it, the court used the following language: "I will affirm this point in the Healey case, although it is badly drawn." The subject had already been covered in the general charge. The comment of the court did not affect the proposition of law submitted, but was directed to the form of the point, and we do not think did the defendant any harm. We certainly would not reverse for such an error, if error it was.

Another assignment is directed to the refusal of the court to allow the following question to be asked of the plaintiff on cross-examination. "Don't you know that you could have stopped that car on its own length?" The taking of this question out of its context is hardly fair to the trial judge, although we impute no improper purpose on the part of the defendant's attorney. The witness had been asked in what distance he could stop the car and he disclaimed knowledge. The ruling of the court in excluding the objection was based upon the fact, so stated by the court, that the witness refused to give an estimate, and said he d'dn't know. In view of this explanation by the court, the refusal of the question was proper. A witness should not be forced to give an estimate when he has already declared that he has not the ability so to do.

The defendant called witnesses with whom he at-

tempted to show that from their personal knowledge and experience of a car such as the plaintiff was driving on the day of the accident it could have been stopped by a proper application of the brakes at a distance of 20 feet. We see no error in refusing this offer. It was not pertinent to the inquiry. There was no doubt that the plaintiff could have stopped his car, but it is equally evident that he did not. Whether it was his duty to stop at the top of the hill or some intermediate point, was for the jury. This attempt to elicit an opinion from the witness was followed by an offer to prove the same fact by the calling of experts to show how soon the plaintiff could have stopped. The court decided that the case did not require expert testimony. It was not a question as to how soon the plaintiff could have stopped his car by an application of the brakes alone. All the uncontradicted testimony in the case was that his car was in second gear and that at the time of the collision, he had practically come to a stop.

The other assignments of error require little notice. There was an attempt to show by expert witnesses what a man of ordinary prudence would have done under like circumstances and whether the plaintiff acted according to this standard. This, of course, was a matter for the jury.

The remaining assignment was to the rejection of a question which was purely argumentative and should not have been asked.

All the assignments of error are overruled and the judgment is affirmed.