Frank Hickey and Mary C. Hickey *v.* City of Philadelphia, Appellant.

Argued September 30, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Benjamin Moskowitz* and with him *G. Coe Farrier,* Assistant City Solicitor, and *Augustus Trask Ashton,* City Solicitor, for appellant.

*Warren C. Graham* of *Graham, Garaguso & Foley,* for appellees.

OPINION BY BALDRIGE, J., November 20, 1931:

The plaintiff alighted from a street car at the regular stopping place, 20th and Bainbridge Streets, in Philadelphia, shortly before six o'clock in the afternoon of the 19th of August, 1929. She started to walk to the pavement and when she had gotten a little more than half-way across the cartway, the driver of an approaching automobile, which came from the rear of the street car, frightened her by blowing his horn. She hurried to escape the oncoming machine and, without looking where she was going, tripped, as she was about to step on the pavement, on a short iron pipe located at the edge of the sidewalk, and injured her foot.

The lower court held that the question of contributory negligence was for the jury's determination. A verdict was rendered for the plaintiff and the court refused to enter judgment for the defendant n.o.v. This appeal followed.

It is well known that, instinctively, one in an emergency is more apt to fail in exercising sound judgment than where there can be a delay to deliberate on some course of action to avoid injury. As a result thereof, the rule that one is required to act in such a manner as to avoid injury to himself and to use such precautions as would be taken by a reasonably prudent person is not vigorously enforced in situations of sudden danger. It has frequently been said by the courts

in this state that one in a position of sudden peril is not, as a matter of law, guilty of contributory negligence in failing to use sound judgment while attempting to escape impending danger, provided that he has gotten into the danger without negligence or fault of his own: Aiken v. P. R. R., 130 Pa. 380; Vallo v. U. S. Express Co., 147 Pa. 404; Montgomery v. Phila., 270 Pa. 346; Wilson v. Consol. Dressed Beef Co., 295 Pa. 168; Amey v. Erb, 296 Pa. 561; Weiss v. Pgh. Rwys. Co., 301 Pa. 539. Clearly, the plaintiff does not come within the exception of this rule as she was not guilty of negligence in alighting from the car at the accustomed place and proceeding toward the pavement.

The question then arises, was the plaintiff by reason of a sudden peril relieved from the imputation of negligence in failing to look. It was but natural, when the danger of the suddenly approaching car's hitting her seemed imminent, for her to move quickly and to watch the car, which, under her testimony, prevented her from seeing where she was stepping. She could not watch the car and her pathway at the same time. In these circumstances, the trial judge would have been in error in holding that she was necessarily negligent in not seeing an obstacle on the sidewalk. Her failure, under the circumstances, to see the iron pipe, which projected about two inches above the pavement, was a question of fact for the jury's determination. This pipe had been there for a number of years so that there was no question of the city's knowledge of its existence.

This case does not come within the principle laid down in Klein v. Pittsburgh, 97 Pa. Superior Ct. 56, cited by the appellant, and kindred cases, where no emergency had arisen and the danger could have been readily seen if reasonable care had been exercised.

Judgment is affirmed.