## Rasener et al. *v.* Atlantic Refining Company, Appellant.

Argued October 3, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, JAMES and RHODES, JJ.

*Arthur T. Porteous,* for appellant.

*Victor Frey,* for appellee.

OPINION BY KELLER, P. J., November 20, 1935:

We agree with the learned judge of the court below, before whom this case was tried, that the questions of the defendant's negligence and the plaintiff's contributory negligence were for the jury; and that the plaintiffs' contributory negligence did not so clearly appear, from the evidence offered by them, as to require the court to declare it established as matter of law.

The statement of questions involved is limited to matters affecting only the defendant's right to a directed verdict in its favor, and judgment non obstante veredicto. The assignments of error will be accordingly limited.

The jury might have found the following facts from the evidence: On the morning of November 19, 1932, at about 11:45 o'clock of a rainy day, the plaintiffs were traveling south on the Philadelphia & Reading Pike, on their way from Reading to Philadelphia. The husband plaintiff was driving the car. At the point of the accident—near Monocacy—the road runs straight ahead, with no bends or curves for some distance. It has twenty feet of concrete surface with hard surface shoulders on both sides, the shoulder on the east side being eight feet wide, and that on the west side seven

feet six inches wide. There was a ditch on each side of the road, and at the time of the accident the surface of the road was wet and slippery from the rain.

The plaintiffs were traveling seventy-five to one hundred feet behind defendant's Chevrolet truck at the rate of about thirty miles an hour and had done so for three or four miles. The truck slowed down and swerved to the right. The husband plaintiff slowed his automobile with the truck, and then in order to pass the truck on its left, increased his speed, when without any warning of any kind, the driver of the truck started to make a left hand turn for the purpose of entering a small intersecting road. There was not room for plaintiff to pass on the right. At the time defendant's truck started to make the left turn, plaintiff had approached so near the truck that if he had put on his brakes to stop his car, his automobile would probably have crashed into the truck. He turned out further to the left to pass the truck on that side. As he was doing so, the defendant's truck hit the rear of his automobile, which thereupon commenced to skid, went into the ditch on the east side of the road and hit a telephone pole causing injuries to both plaintiffs and property damage to their automobile. It was testified that there were no signs indicating the presence of the small road into which defendant's truck was turning when the accident occurred, and the plaintiffs did not know of it.

These facts were sufficient to take the case to the jury on the question of defendant's negligence: Zandras v. Moffett, 286 Pa. 477, 133 A. 817; Nold v. Higgins Lumber Co., 276 Pa. 195, 119 A. 919.

As the sudden emergency which confronted the plaintiff driver was due to the negligence of the defendant's driver the plaintiff could not be held guilty of contributory negligence as matter of law because of a possible error of judgment in trying to extricate himself from

the danger which threatened him due to no fault of his own: Zandras v. Moffett, supra; Hickey v. City of Phila., 103 Pa. Superior Ct. 486, 488, 157 A. 26; Weiss v. Pittsburgh Rys. Co., 301 Pa. 539, 543, 152 A. 674; Amey v. Erb, 296 Pa. 561, 565, 146 A. 141.

Neither would the fact that the car skidded convict plaintiff of negligence as matter of law. At most the question would be for the jury: Healey v. Robertson, 101 Pa. Superior Ct. 342, 344; Hatch v. Robinson, 99 Pa. Superior Ct. 141, 145; Smith v. Gross, 113 Pa. Superior Ct. 568, 570, 173 A. 478; Klein v. Weissberg, 114 Pa. Superior Ct. 569, 571, 174 A. 636.

The doctrine of incontrovertible physical facts has no application here.

The judgments are affirmed.