Hankey Baking Company *v*. National Bread Company, Appellant.

Argued April 12, 1939.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Robert Van der Voort,* of *Rahauser, Van der Voort & Royston,* for appellant.

*A. M. Oliver,* with him *Walter L. Dipple,* of *Dipple & Oliver,* for appellee.

PER CURIAM, June 27, 1939:

This action of trespass for property damage resulting from a collision between two trucks was tried in the county court by a judge without a jury. He found in favor of the plaintiff, and judgment was entered on the finding. The judgment carries with it a finding that defendant's driver was negligent and that plaintiff's driver was free of contributory negligence. The court in banc sustained the judgment. Our reading of the testimony in the record leads us to agree with the trial judge and the court below.

This was not an intersection case, and no question as to right of way was involved. Each driver was required to keep on his own side of the road. If defendant's driver had done so, the collision would not have occurred.

Iowa Street, running north and south in the City of Pittsburgh, connects with Ewart Drive running east and west, so as to form a continuous public highway. They do not cross or intersect each other. They join on a wide curve at the south end of Iowa Street and the east end of Ewart Drive. Each street is twenty feet wide between curbs.

Plaintiff's driver was traveling south on Iowa Street, at two-thirty o'clock in the afternoon, at a speed of ten miles an hour. He was within two feet of the curb on his right hand,—the west side of the street. Going around the curve into Ewart Drive he kept close to the curb on his right hand. The weather was foggy and the streets were wet—it had just stopped raining. The conformation of the lot abutting on the curve of the two roads prevented one seeing around the curve. While slowly traveling on his own side, close to the curb, around the curve into Ewart Drive, plaintiff's truck was run into and damaged by defendant's truck coming east up Ewart Drive, which in making the curve into Iowa Street was traveling over the center line of the road and trespassing on the lane of traffic rightfully used by vehicles traveling the other direction, that is

going south on Iowa Street into Ewart Drive. If defendant's driver had stayed on his own side of the road he would not have run into plaintiff's truck.

The case is too clear to require further discussion. Judgment affirmed.