Jones *v.* Bell Telephone Company, Appellant.

Argued October 2, 1946. Before BALDRIDGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Philip H. Strubing,* with him *Evans, Bayard & Frick,* for appellant.

*Ernest Ray White,* with him *Duane, Morris & Heckscher,* for appellee.

OPINION BY BALDRIGE, P. J., October 30, 1946:

This appellant, defendant in a trespass action growing out of a collision of two motor vehicles, complains of the refusal of the court to enter a judgment in its favor, n. o. v., on the ground that the plaintiff driver of the automobile was guilty of contributory negligence. Appellant also contends that if entry of judgment in its favor is denied, a new trial should be granted as the judge was guilty of error in charging as to certain points of law which bore no relation to the evidence. Neither of these positions is sustainable.

Viewing the evidence in the most favorable aspect to plaintiff's case, as we must, the facts may be summarized as follows. The plaintiff on September 23, 1944, a clear, dry day, between 3:30 and 4:00 p.m. was driving her car in a westerly direction on Brownsville Road, a highway which runs generally east and west, is 16 feet wide,

and as it comes into Street Road "funnels out" so that traffic can "bear right or left." She was approaching its intersection with Street Road, which has a width of 27 feet running generally north and south. It is upon this highway the defendant truck was traveling south. In the acute angle formed by the intersection of these roads is the Warner store, in front of which is a small parking space and a gasoline pump. There is a sign requiring vehicles to stop before turning off the Brownsville Road. Mrs. Jones, the plaintiff, intending to go north on Street Road, had to turn to her right and as she approached the sign she stopped. At this point her vision of Street Road in the direction she intended to go was interfered with by Warner's store building. She proceeded slowly across the segment of the angle, sufficient to keep her car moving, passed this building and turned into Street Road, which in the direction she was going had a slight up-grade. At the point she entered this highway one can see but about 200 feet due to a curve. No approaching vehicles were visible to her, but there were two cars parked in front of the store on the eastern side of Street Road and one car standing on the western side, almost opposite the gasoline pump. Mrs. Jones proceeded north on the highway but a short distance, having just passed the gasoline pump on her right when her car was violently hit by defendant's truck, coming in the opposite direction on Street Road at a speed, according to plaintiff's witnesses, of 35 miles per hour. The driver of the truck testified he had turned to the left to pass the car parked on his right and was 4 or 5 feet over the center line, so that he was on plaintiff's side of the road when the collision occurred. The place of impact was between 3 to 10 feet north of the gasoline pump. The driver of the truck fixed the point of collision at about 10 feet north, or beyond, the pump. The vehicles came together with such force that they rebounded and then came to-gether the second time. The truck struck the plaintiff's car with such force that the truck skidded 61½ feet,

which throws considerable light on the manner the defendant's truck was being operated: *Hoffman v. George,* 155 Pa. Superior Ct. 501, 38 A. 2d 504; *Smith v. Wistar,* 327 Pa. 419, 423, 194 A. 486.

The appellant first contends that plaintiff, Mrs. Jones, was guilty of contributory negligence as a matter of law in entering an intersection from a stop sign street and failing to see defendant's truck coming down Street Road. It cannot be said as a matter of law that she violated the rule requiring her to stop and that she failed to proceed with due caution. According to her testimony she did stop at the sign. Undoubtedly, there is sufficient evidence from which the jury could find that the appellee had exercised due caution in turning to her right into the intersection, continuing into Street Road, and was proceeding north on her own side of the highway when defendant's truck came over from its side and struck her car without warning. It follows that this is not one of those clear cases that warrants the court in taking the question of contributory negligence from the jury and disposing of it as a matter of law: *Smith et al. v. Pachter,* 342 Pa. 21, 28, 19 A. 2d 85. The cases relied upon by the appellant (*Lehner v. Schellhase,* 341 Pa. 260, 19 A. 2d 91, and *Dougherty v. Merchants Baking Co.,* 313 Pa. 557, 169 A. 753), are readily distinguishable, as the jury in each instance could have reached no other conclusion than that the driver of the car, intending to cross a through highway, entered from a stop street, had not exercised the degree of care required of observing approaching vehicles.

Appellant argues also that as the left front wheel of its truck struck the right front of plaintiff's car, thus establishing an incontrovertible physical fact, the plaintiff had not cleared the intersection and could not have been proceeding north on Street Road at the time of the collision. The position of cars after an accident, their condition, and the points of impact, especially when the cars twice came together violently, do not give rise to

any incontrovertible physical facts that the accident took place in any particular manner. Our appellate courts have frequently announced that incontrovertible physical facts cannot be established by oral evidence when the speed or position of moving objects are involved: *Reiser v. Smith*, 332 Pa. 389, 2 A. 2d 753; *Ross v. Reigelman*, 141 Pa. Superior Ct. 293, 14 A. 2d 591.

We are convinced by a careful consideration of the testimony that the court would have been in error in withdrawing the question of plaintiff's contributory negligence from the jury's consideration.

Appellant's assignments of error to the refusal of the court to grant a new trial are based on the court's affirming appellee's 9th, 10th, 11th, 12th, and 14th points for charge. It admits that the first 4 points are in substance direct quotations of the Motor Vehicle Code and are correct statements of law, but asserts that these sections had no application to the evidence and confused the jury. The 9th point defined the duties of a driver passing a vehicle going in the same direction. The 10th dealt with a driver's duty in passing or overtaking a vehicle proceeding in the same direction at any intersection of highways: Vehicle Code of 1939, June 27, P. L. 1135, 75 PS §541, (a) (c). The 11th point related to the duties of drivers of vehicles proceeding in an opposite direction on the highway: Vehicle Code, 1929, May 1, P. L. 905, 75 PS §541. The 12th point stated that a driver is required to avoid approaching vehicles in turning to the left to avoid obstructions in the street ahead of him: Vehicle Code of 1929, supra, §1008, as amended by the Act of 1939, supra, P. L. 1135, PS §543. In other words, a driver is not permitted to drive on the left side of the road unless the left side is clearly visible and free of oncoming vehicles. In view of the presence of other vehicles at or near where this collision occurred, those points were all relevant and correctly stated the law.

The 14th point states that the "test of control is the ability to stop quickly and easily, when this result is not accomplished the inference is obvious that the car was running too fast, or the proper effort to control it was not made." Appellant's objection is that it was error to affirm this point without calling the jury's attention to "the extenuating circumstances", viz., that the first impact broke the hydraulic brake line of the truck and that the only remaining brakes were the mechanical ones on the rear wheels; that the skid marks beginning at the point of impact and continuing for 61½ feet were caused by the rear wheels, rather than the front wheels upon which the hydraulic brakes operated. The only testimony of the breaking of the hydraulic line was that of the defendant's driver, which the jury was not obliged to believe. There is no evidence to show whether the skid marks were caused by the front or rear wheels. In any event that question, and the distance defendant's truck continued after striking plaintiff's car and the violence of the impact, were for the jury's consideration. Those matters justified the conclusion that defendant's driver was not using due care: *Smith v. Wistar*, supra.

The issues of fact were for the jury's consideration and were submitted to them in a charge free from error.

Judgment of the court below is affirmed.