## Fisher *v.* Hill, Appellant.

Argued April 18, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*D. Malcolm Hodge,* with him *Hodge, Hodge & Balderston,* for appellant.

*Paul C. Van Dyke,* with him *James A. Cochrane,* for appellee.

OPINION BY MR. JUSTICE JONES, May 23, 1949:

These appeals arise out of an action in trespass instituted by George E. Fisher, Jr., as administrator of the estate of his deceased wife, and individually in his own right for damages for Mrs. Fisher's death due allegedly to the defendant's negligence. The jury returned verdicts for the plaintiff in each of his capacities. The defendant filed motions for judgments n. o. v. and for a new trial which the learned court below refused. From the judgments entered on the verdicts, the defendant brings these appeals.

The appellant contends (1) that the evidence was insufficient to support a finding (a) that the defendant was negligent or (b) that the case made out by the plaintiff was free from contributory negligence on the part of the plaintiff's decedent and (2) that the record discloses reversible trial error.

Taking the evidence in the case and all reasonable inferences deducible therefrom in the light most favor-

able to the verdicts, as the circumstances require us to do (*Phillips v. Philadelphia Transportation Company*, 358 Pa. 265, 266, 56 A. 2d 225), the material facts are as follows.

Mrs. Fisher's death resulted from injuries received in a collision between a Chevrolet coupe which she was driving and a tractor-trailer owned by the defendant and operated by his servant. The accident occurred approximately in front of the Fisher home in Delaware County along U. S. Route 322, a two-lane highway, around 11 A. M. on December 1, 1947. The day was clear, cold and dry. The highway runs from Chester in a northwestwardly direction to Concordville. The tractor-trailer, weighing twenty-one tons being fully loaded with oil, was traveling toward Concordville. The coupe came out of the driveway on the Fisher property onto the highway, turned left and was proceeding on the right-hand side of the road toward Chester. The highway to the eastward on the Fisher driveway is straight and level for a short distance and then runs upgrade, curving sharply to the left. As the Fisher car was proceeding slowly upgrade on the right-hand side of the highway, the tractor-trailer came around the curve, traveling in the middle of the road. Suddenly, the trailer swerved sharply to the left (in relation to the direction of its travel), going completely over onto the left-hand side of the paving. The plaintiff called as a witness a truck driver who was driving eastwardly on the highway some eight hundred feet back of the Fisher car and had a full view of the occurrence throughout. He saw the coupe come out of the driveway and turn left up the hill. He testified that it had completed its turn and was proceeding eastwardly on its own right-hand side of the road when the defendant's tractor-trailer came around the bend, traveling in the middle of the road. According to the witness, the tractor part of the combination was "over the center of the white line going down the middle"

and, then, "The tail end, that is the trailer part, come around ahead of the front part of the tractor part making a V-shape . . ." The Fisher car was struck on the left side and knocked off the highway. Mrs. Fisher was thrown out of and under the coupe which crushed her. She died almost instantly. The tractor-trailer, after striking the Fisher automobile, turned over two and a half times and came to rest athwart the highway, some fifty feet westwardly of the Fisher driveway. The plaintiff's eyewitness further testified that the events happened in such rapid sequence that he did not recall seeing the actual contact of the collision. In his words, the coupe "disappeared" from his view and the tractor-trailer was "turning over, tumbling over" in his direction. It is not disputed that the tractor-trailer did hit the Fisher automobile.

Thus, the acceptable evidence plainly shows that, at the time of and immediately preceding the collision, the tractor-trailer was being driven on the wrong side of the highway. That fact alone was sufficient to carry the case to the jury on the question of the defendant's negligence. It constituted a violation of The Vehicle Code of May 1, 1929, P. L. 905, Sec. 1004, as amended, 75 PS §521. Such a violation is negligence (see *Landis v. Conestoga Transportation Company*, 349 Pa. 97, 100, 36 A. 2d 465, and cases there cited); and, if it is the proximate cause (see *McClelland v. Copeland*, 355 Pa. 405, 410 et seq., 50 A. 2d 221) of an invasion of another's interest (see *Ennis v. Atkin*, 354 Pa. 165, 169, 47 A. 2d 217, also Restatement, Torts, §286), it will justify a jury's finding the actor liable for the resultant injury. In *Amey v. Erb*, 296 Pa. 561, 564, 146 A. 141, it was said that ". . . the allegation that his truck was not keeping to the right of the center of the roadway, supported by adequate proof, was sufficient to make the question of negligence one for the jury." This statement was quoted with approval in *Paley v. Trautman*, 317 Pa. 589, 592,

177 A. 819. And, in *Miles v. Myers,* 353 Pa. 316, 318, 45 A. 2d 50, on the authority of *Amey v. Erb,* supra, and *Hankey Baking Co. v. National Bread Company,* 136 Pa. Superior Ct. 23, 25, 7 A. 2d 6, it was said that ". . . the fact that an automobile is on the wrong side of the highway makes out a prima facie case of negligence." The case was, therefore, properly for the jury on the question of the defendant's liability.

As to the contention that Mrs. Fisher was guilty of contributory negligence, there is nothing in the plaintiff's case tending to overcome the presumption in the circumstances that she had exercised due care for her own safety. Her companions in the automobile were her three-year old son, who died the following day from injuries received in the accident, and a little girl who was being reared by the Fishers. The only testimony for the plaintiff as to the accident came from the eyewitness produced by the plaintiff; and the facts, as testified to by him, contain nothing even suggestive of contributory negligence on Mrs. Fisher's part as a matter of law. The appellant argues that the presumption of care in favor of the decedent was overcome by the incontrovertible physical facts attending the collision, namely, the tracks on the highway made by the tires of the colliding tractor-trailer and automobile. None of such facts, however, indicated the position of either of the vehicles just prior to the collision or where the tractor-trailer was when the coupe entered the highway. The relative positions of the vehicles at such times were of obvious importance to a physically factual determination as to whether Mrs. Fisher had operated her car negligently on the highway or whether she was guilty of a want of care in coming out of the driveway onto the highway. The facts relied upon by the appellant plainly lack details essential to any application of the incontrovertible physical facts rule: cf. *Cunningham v. Pennsylvania Railroad Company,* 352 Pa. 571, 575, 43 A. 2d

825. To have the facts to which the appellant refers show what he contends they show, it is necessary to accredit and adopt portions of the testimony of the driver of the tractor-trailer adduced in the defendant's case. And, of course, "No fact based on *oral* testimony in a trial ever possesses the character of legal incontrovertibility until it receives the imprimatur of a jury's acceptance": *Majewski v. Lempka,* 321 Pa. 369, 373, 183 A. 777; see also, *Ferguson v. Charis,* 314 Pa. 164, 167-171, 170 A. 131; and *Jones v. Bell Telephone Company,* 159 *Pa. Superior Ct.* 556, 560, 49 A. 2d 272.

Under the evidence, the question of contributory negligence on Mrs. Fisher's part was manifestly for the jury even apart from the presumption of care attending her conduct. While proceeding eastwardly on the right-hand side of the highway, she was suddenly and without warning confronted with impending danger; and, according to the now controlling evidence in the case, when she came out of the driveway onto the highway and had straightened out on the right-hand side of the road, the tractor-trailer had not yet come into sight.

The motions for judgments n. o. v. were properly refused and the assignments of error based on the lower court's action in such regard are accordingly overruled.

The reasons assigned in support of the motion for new trial are devoid of any merit and call for no further discussion. They are fully and satisfactorily disposed of in the opinion for the court en banc. The alleged errors relied on by the defendant in this connection relate solely to the court's charge and come now with rather poor grace considering the extremes to which the learned trial judge indulgently and painstakingly went at the conclusion of the charge in an effort to satisfy each and every then expressed exception of defendant's counsel. The remaining assignments of error are, therefore, overruled.

Judgments affirmed.