Todd *v.* Lit Brothers, Appellant.

Argued November 10, 1954.   Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

110

*Ralph S. Croskey,* with him *Croskey & Edwards,* for appellant.

*Perrin C. Hamilton,* with him *Hamilton, Smith & Darmopray,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, March 14, 1955:

In this action of trespass for injuries to minor plaintiff, suffered while a business visitor on defendant's premises, the jury returned a verdict for plaintiffs. The court below refused defendant's motions for new trial and judgment n.o.v., and defendant appeals.

Viewed in a light most favorable to plaintiffs the testimony established the following: Minor plaintiff, accompanied by his mother, entered upon defendant's escalator to ascend from the basement to the first floor. The minor plaintiff, then aged 2½ years, stood on the same step with his mother, who held his hand. When approximately three or four steps from the top, they were pushed from the rear by other customers, and fell forward. Minor plaintiff fell on his hands, and as a result of the continued movement of the escalator the middle finger of his right hand became caught in the comb-like mechanism at the top, was crushed and severed.

Although the child was in this plight for two or three minutes, and despite repeated calls for help, no employe of defendant rendered aid nor was the movement of the escalator stopped until the child's finger was torn off. When the mother first called for help, only the tip of the finger had entered the mechanism,— at which time, if the movement had been stopped the finger would not have been lost. The escalator could have been stopped by pushing a button either at its top or bottom.

Defendant contends that the initial fall of minor plaintiff did not result from any fault of the defendant, and that it cannot be liable for the injuries on the theory of unreasonable delay in stopping the escalator. It so contends on the basis that the testimony discloses incontrovertible physical facts which make the theory of liability an impossible one (viz. the mother could not have stood still on a moving stairway; 60 to 180 persons on the crowded escalator behind the plaintiffs had to crawl over the alleged standing mother; the time interval for steps to level off or enter the comb plate, the only two points where the finger could have been caught, was less than a tenth of a second; the injury was a crushing fracture, not a chewed up wound). It furthers contends that the jury should not have been permitted "to find what, if any, part of the injury was occasioned after the initial trauma."

These contentions cannot be sustained. The testimony, in addition to the foregoing, upon which it seeks to base its "incontrovertible physical facts" theory is that of its witness who was an expert on escalators, but who did not see the accident. This witness testified as to the escalator's mechanism and operation, but he did not establish that the accident could not have occurred as plaintiffs testified it did. Further, the testimony was oral, and its effect was for the jury. " 'No

fact based on *oral* testimony in a trial ever possesses the character of legal incontrovertibility until it receives the imprimatur of a jury's acceptance.' ": *Fisher v. Hill*, 362 Pa. 286, 291, 66 A. 2d 275.

Plaintiffs met the burden of individuating the causes of the injuries. The court submitted to the jury under proper instructions that the issue of negligence was whether defendant failed to stop the escalator within a reasonable time after it had adequate notice that minor plaintiff was in a position of peril. The jury was not left to guess, and its verdict properly was that the injuries resulted from such negligence. Cf. *Connelly v. Kaufmann and Baer Company*, 349 Pa. 261, 37 A. 2d 125. It is also to be noted that defendant made no objection to the court's charge, nor did it ask further instructions in this regard.

Defendant next contends that the court erred in refusing its motion for the withdrawal of a juror for prejudicial remarks of the counsel for plaintiffs. In the course of cross-examining one of defendant's employes, he posed the question: "There have been other accidents there?" Although the court sustained defendant's objection, the motion for withdrawal of a juror was refused, without further admonition or explanation to the jury. The purpose of the question cannot be doubted. Counsel had been advised by the trial judge at side bar that inquiry into prior accidents was not permissible, yet he did put the question. Its prejudicial effect cannot be doubted either. The jury could only believe that there were such accidents, and undoubtedly could be influenced by it to defendant's prejudice. This is particularly so here, where the questions of negligence and of the injuries resulting therefrom were very close ones. Although the withdrawal of a juror is generally within the discretion of the trial judge, his refusal will be reversed where the record

shows an abuse,—which is the case here, in which the court below took no precautions to remove the prejudicial effect. "It is well established that any statements by counsel, not based on evidence, which tend to influence the jury in resolving the issues before them solely by an appeal to passion and prejudice are improper and will not be countenanced. As we have stated on many occasions: '. . . a verdict obtained by incorrect statements or unfair argument or by an appeal to passion or prejudice stands on but little higher ground than one obtained by false testimony . . .' " *Narciso v. Mauch Chunk Township*, 369 Pa. 549, 551, 87 A. 2d 233.

Judgments reversed and new trial ordered.