## Wescott *v.* Geiger, Appellant.

*Negligence—Automobiles—Collision—Intersection of streets—Respective duties of drivers—Contributory negligence.*

In an action of trespass to recover damages for personal injuries and for damages to a motor vehicle, sustained in collision with defendant's truck, the evidence was that plaintiff, as he approached the road intersection from the north, saw the truck nearing the crossing from the west. He slowed down, but continued across the intersection without again looking at the truck. He testified that there was no other vehicles or pedestrians to require his attention and that he could have stopped his car within a distance of about four feet. The truck struck the car at the cowl. In such

case the defendant was entitled to binding instructions in his favor.

While the plaintiff was not required to anticipate and guard against want of ordinary care on the part of another, it was as much his duty to use due care to avoid a collision if the driver of the other vehicle was negligent as it was if the other driver was not negligent.

A person using a public highway or crossing a railway track must use reasonable care by the exercises of his senses to prevent his own injury, and if he fails to do so, the consequences must fall upon him, although the negligent act of another caused his injuries.

Argued October 18, 1927. Appeal No. 134, October T., 1927, by defendant from judgment of C. P. No. 4, Philadelphia County, September T., 1925, No. 4486, in the case of Edward Wescott v. Albert F. Geiger. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Trespass to recover damages for personal injuries. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff in the sum of $2,500. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Benjamin O. Frick,* and with him *Evans, Bayard & Frick,* for appellant.—Defendant was entitled to binding instructions: Frank v. Pleet, 87 Pa. Superior Ct. 494; Weber v. Greenbaum, 270 Pa. 382; Simon v. Lit Bros., Inc., 264 Pa. 121; Mehler v. Doyle, 271 Pa. 492; Lewis v. Wood, 247 Pa. 545.

*William Charles Brown,* for appellee.—The plaintiff was bound to anticipate negligence on the part of the defendant: Davis v. American Ice Co., 285 Pa. 177.

OPINION BY GAWTHROP, J., December 15, 1927:

This is an action for damages for injuries sustained in a right angle collision of two automobiles at a street crossing. Plaintiff got a verdict and the only error assigned by defendant in this appeal is the overruling of its motion for judgment n. o. v. Viewed in the light most favorable to plaintiff and giving him the benefit of every inference tending to support the verdict, the evidence warrants the following statement of the facts: About 2 A. M. plaintiff was driving his Ford car southwardly on 53rd Street in Philadelphia. The weather was clear. When he reached the curb line on the north side of Westminister Avenue, running four or five feet from the west curb line of 53rd Street, he had slackened his speed to about twelve miles an hour. At that point he looked to the east and west and saw nothing except defendant's truck approaching from the west at a distance of one hundred fourteen feet from the point where the paths of the two machines would intersect. The truck was running about ten feet from the southern curb line of Westminister Avenue at a speed of twenty or twenty-five miles an hour. When plaintiff "saw it was all right to cross" he "kept right on going across and it seemed to pick up speed and the first thing there was a big crash." Plaintiff's car was struck by the front of the truck "right about where the wind shield separates the car, right at the cowl." He did not look at the truck after he first saw it, but he looked straight ahead and could have stopped his car within a distance of about four feet. The width of the cartway of each of the streets is thirty-four feet. There were no pedestrians or vehicles within view to require plaintiff's attention.

In our view, these facts required the court below to give binding instructions for defendant.

Although it may be that plaintiff had the right of

way because his vehicle arrived at the intersection well in advance of the other, and it was the duty of defendant to give him the opportunity to cross, the superior right of one who is first at an intersection does not relieve him of his duty to use reasonable care in the circumstances to avoid a collision. While he is not required to anticipate and guard against want of ordinary care on the part of another (Wagner v. Phila. R. T. Co., 252 Pa. 354) it is as much his duty to use due care to avoid a collision if the driver of the other vehicle is negligent as it is if the other driver was not negligent: Mehler v. Doyle, 271 Pa. 492, 495. ''A person using a public highway or crossing a railway track must use reasonable care by the exercise of his senses to prevent his own injury, and if he fails to do so the consequences must fall upon him, although the negligent act of another caused his injuries:'' Lewis v. Wood, 247 Pa. 545, 551. Although plaintiff had the right to start across Westminister Avenue in front of defendant's truck, it was his duty to continue to look as he advanced. While he was not bound to keep his eyes glued upon the truck, because it was his duty to observe other conditions along his path, ordinary prudence would not permit him to ignore the truck as he says he did. As it appears that there were no pedestrians or other vehicles within the range of his vision, his failure to look at the truck again is inexplicable on any ground but negligence. There was no occasion for him to drive blindly on until he came in contact with the truck. The fact that he could clear the cartway of the intersecting street in about two seconds at the speed he was moving does not excuse his failure to continue to pay some attention to the truck. This is particularly true when, by his own admission, he could have stopped within a distance of four feet. As we said in an opinion sustaining the entry of a non-suit in Frank v. Pleet, 87 Pa. Superior Ct. 494, 497, in which the facts were strikingly similar to those in the present

case, it follows that plaintiff contributed to the accident either by failure to continue to look and driving blindly on until he was struck, or by testing an obvious danger. We have found nothing in any of the cases cited by appellee which is in conflict with the views herein expressed, except a statement in the opinion in Davis v. American Ice Co., 285 Pa. 177. In that case the plaintiff was injured at a street intersection in a collision between defendant's truck and a car in which she was riding as a guest. When the driver of the car reached the intersection she noticed the truck approaching on the intersecting street at a distance of two hundred feet. She did not observe the truck again until the collision. Although the opinion states that the question of the negligence of the driver of the car in which the plaintiff was riding was not before the appellate court, the statement is made that the mere fact that she did not again observe the defendant's truck until the collision did not warrant the inference, as matter of law, that she was chargeable with want of due care. While we concede that this expression is inconsistent with our conclusion in the present case, we do not consider it controlling for two reasons, first, because the question of the negligence of the driver of the car in which plaintiff was driving was not before the court; and, second, because our Supreme Court has said several times recently that "it is a maxim not to be disregarded that general expressions in every opinion are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but will not control the judgment in a subsequent suit, when the very point is presented for decision." (See Kates's Estate, 282 Pa. 417, 422.)

The judgment is reversed and here entered for defendant.