Thomas Barrett and Emma Barrett *v.* Abe Bass, Appellant.

Argued October 8, 1928.

Before Porter, P. J., Hender-
son, Trexler, Keller, Linn, Gawthrop and Cunning-
ham, JJ.

*Raymond A. White,* and with him *Maurice W. Sloan,*
of *Sloan, White and Sloan,* for appellant, cited: Frank
v. Pleet, 87 Pa. Superior Ct. 494; Westcott v. Geiger,
92 Pa. 80; Alperdt et ux. v. Paige, 292 Pa. 1.

*I. G. Gordon Foster,* of *Foster and Baldi,* for ap-
pellee, cited: Wagner v. Phila. Rapid T. Co., 252 Pa.
354; Swift v. Corrado, 292 Pa. 543; Kilpatrick v.
Philadelphia Rapid Transit Company, 290 Pa. 288.

Opinion by Trexler, J., December 14, 1928:

The plaintiffs, Thomas Barrett and his wife Emma
Barrett, were coming southward on Second Street,
Philadelphia, in an open car which he was driving at
the rate of 12 to 15 miles per hour. As he approached
Reed Street which joins Second Street at right-angles,
he blew his horn. When he was at the house line, he
looked eastwardly and saw the defendant's car ap-
proaching. He put on the brakes and came to a stop
as the front part of his car was three feet beyond the
curbline of Reed Street. At the same instant, his car
was struck in front by defendant's car which was

travelling at the rate of 35 to 45 miles per hour. It was after dark when the accident happened, but the street lamps were lit and the night was clear.

The appellant claims that the plaintiff was guilty of contributory negligence. He argues that as the plaintiff states he could stop his car within a foot or a foot and a half and as he shows that he travelled the width of the sidewalk and three feet beyond into the roadway of the intersecting street, he did not exercise the caution of an ordinarily prudent man and went into danger which he could have readily avoided.

As stated, the plaintiff's estimate of the speed at which he was approaching Second Street was 12 to 15 miles per hour. This was corroborated by other witnesses. Plaintiff was first at the crossing and had the right of way. He was only three feet within the roadway of Second Street when he stopped. We could readily conclude that if the defendant had come along at a reasonable rate of speed, there would not have been any accident, for in a roadway twenty-six feet in width, common experience teaches us that an obstacle occupying only three feet of the side of the road can be readily avoided.

Under these circumstances we cannot, as a matter of law, convict the plaintiff of negligence because he said he could stop the car within a foot and a half when he states he went twelve feet. It is true, his testimony in this respect is hard to explain and in view of the importance which the appellant attaches to this phase of the case, we quote a portion of it: "Q. And you first saw the other automobile when you were at the north house line of Reed Street? A. I saw the automobile coming first, when I put on my brakes, and I stopped that much farther in front of his machine. Q. In other words, you went about three feet after you first saw the other car? A. Well, I would say about twelve feet. Q. And you can't stop your car going at the rate of speed at which you were going in a foot and

a half? A. I can stop it, yes sir, if the car had let me go that far. Q. Why didn't you stop it? A. I didn't see the car until I got below the house line. I couldn't see through the house. Q. But you could see from a point ten feet north of the curb, you could see from ten feet north of the north curb line of Reed Street— you could see east on Reed Street, couldn't you? A. Yes, and my wife looked down, just the same, and I stopped before that and put on my brakes—and you will go ten feet, anyhow, you or any other man." What idea the plaintiff intended to convey was for the jury. Taking his entire statement, we may suggest that when the plaintiff came to the house line, his point of vision sideways was at least five feet behind the extreme front of the machine and therefore to propel the machine into the intersecting street, a distance of three feet would only require the auto to advance about seven feet. Some allowance may be made as to his estimate that he could stop within a foot and a half when the auto was going about fifteen miles. Perhaps plaintiff intended to convey the idea that his car could have been stopped if it had not been pushed by defendant's car.

The plaintiff does not come within the case of Alperdt v. Paige, 292 Pa. 1, for he did not attempt to cross in advance of the on-coming car, but stopped leaving ample space for the other car to pass in front of him. In the above case, the approaching car had the right of way. In the present case, had the defendant's car been proceeding at a reasonable speed, plaintiff would not have been in peril even had he continued to cross. In doing so, he would have had the right to assume that defendant "would recognize this fact and act accordingly." Galvin v. Kreider, 293 Pa. 395, citing Alperdt v. Paige, supra, and Swift v. Corrado, 292 Pa. 543. As we think that the jury had the right under the testimony produced to absolve the

plaintiff of contributory negligence, the question of the wife's responsibility as a fellow passenger drops out of the case.

The assignments of error are overruled and the judgment is affirmed.