Lewis *v.* Hermann, Appellant.

Argued December 15, 1933. 

 Before TREX-
LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and JAMES, JJ. 

*Howard Kirk,* for appellant.

*William C. Alexander,* for appellee.

OPINION BY KELLER, J., March 3, 1934:

This case is the result of a collision between two
automobiles. The verdict was for the plaintiff, hence
in passing upon the defendant's motion for judgment
non obstante veredicto we must view the evidence, and

the inferences to be drawn therefrom, in the light most favorable to the plaintiff.

A jury would be justified in finding the following facts from the evidence.

Windermere Avenue and Winding Road intersect each other almost at right angles. Windermere Avenue is twenty-four feet six inches wide between curb lines; Winding Road, twenty-nine feet six inches.

At 8:20 o'clock in the morning of January 30, 1932, plaintiff was driving her Plymouth coupe northwardly on Windermere Avenue. When she got to the curb line of Winding Road she slowed down almost to a stop, looked to the left and saw defendant's Chevrolet sedan coming east on Winding Road. Defendant's car was then at the third tree to the left of Windermere Avenue and was traveling at a reasonable or moderate rate of speed. From photographs which were offered in evidence she approximated the distance from Windermere Avenue to the third tree on Winding Road at 122 feet, but there was no testimony that the distance had been accurately measured. Being satisfied in her own mind that she could safely cross, she proceeded slowly, in second gear, looking to her right as she approached the half of the road on which westbound traffic would go. She saw nothing coming from that direction, and the front of her car was past the middle of the intersecting street, when suddenly the defendant's car loomed up on her left some six feet away, and, attempting to pass in front of her, struck her car at the left front fender. Defendant had speeded up in an attempt to pass in front of the plaintiff's car. The trial judge, the learned president of the court below, left to the jury, to find as matters of fact, whether (1) the defendant was negligent and (2) the plaintiff contributorily negligent. The defendant claims he should have ruled

that plaintiff was negligent as matter of law. We agree with the court below that the question was one of fact for the jury.

Traffic moved both ways on both streets. Neither was a one-way street. Hence when plaintiff approached Winding Road her duty was to look first to the left for traffic coming from the west, and if she found it reasonably safe to proceed into the eastbound lane, it became her duty to look to the right for cars coming from the east. It was specially her duty to do so before she proceeded to cross the center into the westbound lane: Wescott v. Geiger, 92 Pa. Superior Ct. 80. She could not keep her eyes glued to the left or west. She would have been negligent had she done so and been hit by a car coming from her right.

She was at the intersection of the two streets when defendant was three trees away (approximately 120 feet) to her left. She had the right of way. She had a right to assume that the defendant approaching from the left would observe such care and caution as the circumstances required (Davis v. American Ice Co., 285 Pa. 177, 131 A. 720) and, recognizing her superior right to the intersection, control his car as a prudent driver would under the circumstances, and apply the brakes and slacken his speed (Adams v. Gardiner, 306 Pa. 576, 160 A. 589). She had to travel only fifteen feet plus the length of her car and she would be past the center line of the road, and entirely in the westbound lane. She would have made it safely if defendant (1) had not speeded up, and (2) had not gone into the westbound lane in an attempt to pass in *front* of her. In these circumstances the court below could not rule as matter of law that plaintiff was guilty of contributory negligence. To do so would have been error.

The cases relied upon by appellant are distinguishable from this one. In Frank v. Pleet, 87 Pa. Superior Ct. 494, Fraser v. Voight, 100 Pa. Superior Ct. 248; and Wescott v. Geiger, 92 Pa. Superior Ct. 80, the plaintiff was advancing to the intersection from the defendant's left; and in the two first named cases, the plaintiff looked when he came to the *house* line,—not the curb line—and saw defendant's car coming at a very rapid rate of speed and did not look again until the defendant was practically in collision with him; and in Wescott v. Geiger the plaintiff saw defendant coming rapidly on his *right* in a lane of traffic which was ten feet away from the opposite curb and twenty-four feet away from plaintiff, and plaintiff never looked again; not even on entering the traffic lane in which defendant was traveling. One approaching a two way street should always look first to the left and then to the right, and if he sees a car approaching from his *right* cannot blindly enter the farther lane for traffic approaching from that direction without paying some heed to where it then is and its speed and distance.

Plaintiff having reasonably concluded that she could safely cross the eastbound lane of traffic and having committed herself to the crossing was not bound to anticipate that the defendant would (1) hasten rather than slacken his speed, or (2) encroach into the westbound lane in an attempt to pass in front of her. Having committed herself to the crossing she cannot be held guilty of negligence, as matter of law, because she failed to stop in the middle of the road to escape a car speeding up from her left; to have done so would most likely have resulted in a collision: Keystone Lead Co. v. Frechie, 94 Pa. Superior Ct. 395, 397, 398.

The assignments of error are overruled and the judgment is affirmed.