Dixon et al. *v.* Pentony, Appellant.

Argued November 1, 1934.

444

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Langdon W. Harris, Jr.,* of *Herman & Harris,* for appellant.

*Roy Pressman,* for appellee.

OPINION BY BALDRIGE, J., February 1, 1935:

This action in trespass was brought to recover for injuries sustained by the wife plaintiff in an automobile collision at the intersection of 17th and Thompson Streets, Philadelphia, at 11:30 P. M., December 5, 1931. A judgment was obtained by the wife for $370 and by the husband for $100.

The sole question involved in this appeal is whether Alice Dixon, wife plaintiff, was guilty of contributory negligence.

She was driving south on 17th Street. When she had reached a point about 25 feet from Thompson Street she heard, at her left, the noise of another car

coming westbound at a high rate of speed. She was unable to see the approaching machine as her vision was obstructed by buildings on her left. She continued to drive toward Thompson Street without looking for oncoming traffic at either the house line or the curb line of Thompson Street. After she had driven her car about 5 feet into Thompson Street she stopped, and then for the first time looked east, which would be to her left, and she saw the car on her left approaching at 50 to 55 miles an hour in a zigzag manner. It struck the front bumper of her car and turned it around.

It was the duty of the wife plaintiff, in driving her car, to exercise her senses to prevent her own injury. Looking when her vision was obstructed was unavailing. If she had looked at the house line or curb line, she inevitably would have seen the car coming at a high rate of speed, in an unsteady manner. She then would have had ample warning that it was dangerous for her to proceed. Failing to look and see a danger that was obvious, and continuing into the intersecting street in front of an approaching, recklessly driven car, convicts the wife plaintiff of contributory negligence: Frank et al. v. Pleet et al., 87 Pa. Superior Ct. 494; Shore Service, Inc. v. P. R. T., 97 Pa. Superior Ct. 541; Newman v. Reinish, 106 Pa. Superior Ct. 351, 163 A. 58.

The learned court below relied largely on Barrett v. Bass, 95 Pa. Superior Ct. 123, to support the judgment obtained in the court below. In that case the driver sounded his horn, looked for moving traffic when passing the house line, and there was no evidence that he had knowledge of a car approaching the intersecting street at a high rate of speed.

True, the wife plaintiff here had only proceeded 5 feet into the intersecting street, but that was far enough, as the result shows, to expose her to danger

which she should have foreseen. In not looking and then stopping when she saw defendant's car coming at a high rate of speed, she violated a plain, legal duty, which contributed to the accident.

Judgment in each case is reversed, and is now entered for defendant.