## Woerner, Appellant, v. Heim.

Argued November 13, 1936.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Ralph S. Croskey*, with him *Edward S. Lawrence, Jr.*,
for appellant.

*Thomas J. Clary*, with him *Louis Wagner* and *Richard
A. Smith*, for appellee.

OPINION BY RHODES, J.. December 11, 1936:

The court below entered a nonsuit in an action of
trespass on the ground of plaintiff's contributory neg-
ligence. Plaintiff's motion to take off the nonsuit was
refused, and this appeal followed.

The accident occurred in Philadelphia at the inter-
section of Charles street, which runs north and south,
and Cheltenham avenue, which runs east and west.
Cheltenham avenue on the east of Charles street is
about 30 feet wide, and on the west of Charles street
about 20 feet wide. Charles street on the north of the
intersection is 25 feet wide, and on the south of the

intersection 20 feet wide. Although neither Charles street nor Cheltenham avenue was at the time a through highway, on Cheltenham avenue, on both sides of the intersection, there were traffic signals reading, "Slow— Street Intersection."

Plaintiff was driving his automobile south on Charles street, and when about 20 to 25 feet from the intersection, he saw defendant's automobile approaching on Cheltenham avenue from the west. At that time defendant was 250 to 300 feet from the intersection, and was proceeding at 40 to 45 miles per hour. Plaintiff was operating his automobile at the time at 15 to 18 miles per hour, and slowed down to 10 or 12 miles per hour as he reached the north line of Cheltenham avenue, where he looked again to his right and saw defendant 125 feet away, approaching with undiminished speed. Without looking again to his right, plaintiff continued across the intersection, and when the front of his automobile reached the south line of Cheltenham avenue, within the intersection, it was struck in the rear on the right side by defendant's automobile.

Plaintiff testified that, as he proceeded across the intersection, he could have stopped his automobile within a distance of a foot or two. After observing the approaching automobile of the defendant, as he reached the north line of the intersection, he did not look again or see defendant's automobile until the impact occurred. It was plaintiff's duty not only to look and continue to look as he entered and crossed the intersection, but it was also his duty especially to look for eastbound traffic as he reached the second traffic lane, or the southerly side of Cheltenham avenue, in which the collision between the two automobiles occurred. The fact that plaintiff made his last observation to the right as he reached the northerly line of the intersection, and there observed the approach of defendant's automobile 125 feet distant, was not sufficient; he was

obliged to continue to look as he crossed the intersection and entered the lane of traffic coming from the right where he had twice observed, before entering the intersection, defendant's automobile approaching at a speed of 40 to 45 miles per hour. *Stevens v. Allcutt,* 320 Pa. 585, 184 A. 85; *Meitner et al. v. Scarborough,* 321 Pa. 212, 184 A. 81; *Gooden v. Allen C. Hale, Inc.,* 116 Pa. Superior Ct. 335, 176 A. 855.

Plaintiff contends that, although he failed to continue to look and made no further observation after reaching the intersection, he was not chargeable with contributory negligence, as he had only about 20 feet plus the length of his automobile to travel in order to clear the path of the on-coming automobile of the defendant which, at the time he last saw it, had 125 feet to travel. We are not able to agree with the plaintiff's contention that he was warranted in proceeding across the intersection without making any further observation on account of the distances and speeds of the respective automobiles. Defendant's automobile was 125 feet distant, proceeding at 40 to 45 miles an hour, when observed by plaintiff before he entered the intersection. He had 20 feet to go plus the length of his car in order that its rear might clear the south line of the intersection. Proceeding at 10 to 12 miles per hour, this would have consumed about 2 seconds; while for defendant's automobile to traverse about 125 feet, at 40 to 45 miles per hour, would have likewise required about the same time. It is to be considered, also, that plaintiff had observed defendant's automobile travel 125 to 175 feet, while he traveled 20 to 25 feet, between the time of his first and last observation and before he had entered the intersection.

The court below properly held that plaintiff was guilty of contributory negligence when he failed to look again for on-coming traffic as he proceeded across the intersecting street and into the path of eastbound traffic

on Cheltenham avenue. It was his duty to continue to look as he advanced, and not proceed blindly until he came in contact with defendant's automobile. According to his own testimony, he was proceeding slowly and could have stopped within a foot or two.

In *Wescott v. Geiger*, 92 Pa. Superior Ct. 80, there was a right-angle collision between plaintiff's automobile and defendant's truck at intersecting streets. Plaintiff was proceeding south on one street, and defendant was approaching from the west at a distance of 114 feet from the point where the paths of the two machines intersect. When plaintiff reached the north side of the intersection, he was proceeding at about 12 miles per hour, and defendant's truck was coming at a speed of 20 to 25 miles per hour. At that point plaintiff observed defendant's truck approaching from his right at a distance of 114 feet, and proceeded to cross the intersection without looking again at the truck after he first saw it. The width of each of the streets was 34 feet. In that case this court held, 92 Pa. Superior Ct. 80, at pages 82 and 83: "Although it may be that plaintiff had the right of way because his vehicle arrived at the intersection well in advance of the other, and it was the duty of defendant to give him the opportunity to cross, the superior right of one who is first at an intersection does not relieve him of his duty to use reasonable care in the circumstances to avoid a collision. While he is not required to anticipate and guard against want of ordinary care on the part of another *(Wagner v. Phila. R. T. Co.,* 252 Pa. 354), it is as much his duty to use due care to avoid a collision if the driver of the other vehicle is negligent as it is if the other driver was not negligent: *Mehler v. Doyle,* 271 Pa. 492, 495 ....... Although plaintiff had the right to start across Westminister Avenue in front of defendant's truck, it was his duty to continue to look as he advanced. ...... As it appears that there were

no pedestrians or other vehicles within the range of his vision, his failure to look at the truck again is inexplicable on any ground but negligence. There was no occasion for him to drive blindly on until he came in contact with the truck. The fact that he could clear the cartway of the intersecting street in about two seconds at the speed he was moving does not excuse his failure to continue to pay some attention to the truck. This is particularly true when, by his own admission, he could have stopped within a distance of four feet."

The judgment is affirmed.