Kaiser Co., Inc., *v.* American Individual Laundry
Company, Appellant.

Argued October 4, 1939.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and
HIRT, JJ.

*Thomas E. Comber, Jr.,* for appellant.

*Alma H. Arnold,* for appellee.

OPINION BY RHODES, J., December 18, 1939::

This is an action in trespass arising out of an automobile accident in which the only question involved is whether plaintiff's driver, Kaiser, was guilty of contributory negligence as a matter of law. The jury rendered a verdict in favor of plaintiff; defendant's motion for judgment n. o. v. was dismissed; and defendant then appealed.

We agree with the court below that the evidence which plaintiff presented was for the jury; defendant offered no evidence, but presented a point for binding instructions which was refused. On September 2, 1937, in the daytime, Kaiser was driving plaintiff's automobile in a southerly direction on 32d Street in the city of Philadelphia. Defendant's truck was being driven in an easterly direction on Clifford Street which intersects at right angles with 32d Street. In the intersection the two motor vehicles came into contact. Defendant's argument is to the effect that Kaiser failed to look before entering the intersection; that if he had observed this duty he would have seen defendant's truck in the act of crossing the intersection; and that his failure to look constituted contributory negligence. In addition defendant argues that defendant's truck was coming from Kaiser's right, which gave to it the right of way. The evidence viewed in the light most favorable to plaintiff establishes these facts: When plaintiff's automobile reached the intersection of 32d and Clifford Streets Kaiser looked to his right and observed no traffic coming east on Clifford Street which was a two-way street. As he approached Clifford Street he was proceeding at 15 to 20 miles an hour. After having looked he entered the westbound traffic lane on Clifford Street. When he had passed the north line of the intersection two or three feet he saw defendant's truck in front of his automobile. Plaintiff's car then came in contact with

defendant's truck. Defendant's truck was going east in the westbound traffic lane of Clifford Street, and was crossing the intersection on its left or wrong side. Although going east on a two-way street defendant was occupying that half of the street on which westbound traffic should move.

Kaiser was not required to anticipate that defendant would be driving east through the intersection in the traffic lane used for westbound traffic. "The failure to anticipate negligence which results in injury is not negligence and will not defeat an action for the injury sustained. A party is not bound to guard against the want of ordinary care on the part of another; he has a right to presume that ordinary care will be used to protect him and his property from injury. No one can complain of want of care in another where care is only rendered necessary by his own wrongful act: *Philadelphia & Reading R. R. Co. v. Hummell*, 44 Pa. 375, 379": *Wagner v. Philadelphia Rapid Transit Co.*, 252 Pa. 354, at page 359, 97 A. 471, at page 473. "It is a fundamental principle of law that one is not bound to anticipate another's negligence": *Mulheirn v. Brown et al.*, 322 Pa. 171, at page 175, 185 A. 304, at page 305.

We do not think that the collision between the two motor vehicles under the condition in which it occurred was to be reasonably anticipated by Kaiser. This was not a case, in our judgment, where contributory negligence on the part of Kaiser was so clearly revealed that fair and reasonable individuals could not disagree as to its existence; it is only in such cases that contributory negligence may be declared judicially. *Altomari v. Kruger et al.*, 325 Pa. 235, 240, 188 A. 828.

The fact that defendant's truck was approaching the intersection from Kaiser's right did not give the former an absolute right to cross the intersection regardless of the circumstances. See *Webb v. Hess et al.*, 335 Pa. 401, 402, 6 A. 2d 829; *Shapiro et ux. v. Grabosky*, 320 Pa. 556, 184 A. 83; *Rhinehart v. Jordan et al.*, 313 Pa.

197, 200, 169 A. 151; *Campagna v. Lyles,* 298 Pa. 352, 355, 148 A. 527; *Fraser v. Voight,* 100 Pa. Superior Ct. 248. In the instant case defendant approached and entered the intersection on the wrong side of a two-way street. Such conduct on the part of defendant forfeited any rights which it might have been entitled to rely upon as a result of that rule. The jury could find that defendant alone produced the situation which made the collision inevitable.

Applying what we said in *Lewis v. Hermann,* 112 Pa. Superior Ct. 338, 341, 171 A. 109, it follows that when Kaiser approached the intersection it was his duty to first ascertain whether there was any traffic coming from the east on Clifford Street, which was to his left, and if he found it reasonably safe to proceed into the westbound traffic lane of Clifford Street it became his duty to look to the right for traffic coming from the west; and it was especially his duty to look to his right before proceeding to cross the center into the eastbound lane. See, also, *Wescott v. Geiger,* 92 Pa. Superior Ct. 80; *Woerner v. Heim,* 124 Pa. Superior Ct. 246, 188 A. 391.

The jury was justified in finding from the evidence that Kaiser, having looked to the right, was unable to see defendant's approaching vehicle because it was proceeding on the wrong side of Clifford Street, and that there was no lack of vigilance shown on his part in entering the path of traffic coming from his left where defendant had no right to be. We think the accident would not have occurred if defendant's truck had been on its own or right-hand side of Clifford Street. See *Hankey Baking Co. v. National Bread Co.,* 136 Pa. Superior Ct. 23, 7 A. 2d 6.

Judgment is affirmed.