Opinion by
 

 Rhodes, J.,
 

 Plaintiff’s automobile and defendant’s truck collided as plaintiff attempted to cross a through highway ahead of the truck. Plaintiff then brought this action in trespass to recover for personal injuries and property damage. The jury returned a verdict in favor of plaintiff; defendant moved for judgment n.o.v.; and the court below entered judgment for defendant on the ground, that plaintiff was guilty of contributory negligence. Plaintiff has appealed.
 

 We agree with the conclusion of the court below, as plaintiff upon entering a through highway observed defendant’s truck approaching from his right, but continued across the intersection in front of it although he had ample opportunity to stop and avoid the collision.
 

 The accident occurred in the early afternoon of a rainy day at the intersection of Eighteenth Street and Snyder Avenue in the City of Philadelphia. The streets
 
 *506
 
 were wet and slippery. Plaintiff was proceeding north in his automobile on Eighteenth Street, and defendant’s truck was being driven in a westerly direction on Snyder Avenue, which is a through highway and a two-way street running east and west. Snyder Avenue is 44 feet 9 inches from curb to curb with a 15-foot sidewalk on each side, and has at the scene of the accident a double set of trolley tracks in the center, which occupy about 15 feet. Eighteenth Street is 25 feet 9 inches from curb to curb with a 12-foot sidewalk on each side, and intersects Snyder Avenue at right angles. There was a stop sign on the west side of Eighteenth Street, even with the 'south house line of Snyder Avenue. Plaintiff stopped behind this sign on reaching the intersection, and looked to his right and left. To his left he could see about 400 feet, and observed that no traffic was coming from the west. To the right he could see about 75 feet from the point where he had stopped. He testified that upon entering the intersection the speed of his automobile was from 8 to 5 miles per hour, and that when he was struck by defendant’s truck in the westbound traffic lane he was proceeding at 8 to 15 miles per hour. When at the south ‘curb of Snyder Avenue he first observed defendant’s truck approaching therein 5 to 7 feet east of Bouvier Street, which is the first street east of Eighteenth Street. The west curb line of Bouvier Street, which has a cartway of 14 feet with an 8-foot sidewalk on each side, is 139 feet from the east curb line of Eighteenth Street.
 

 Plaintiff was unable to say at what speed defendant’s truck was approaching, but did testify that at the time of the collision its speed was 35 to 45 miles per hour. Other witnesses also testified that defendant’s truck was traveling at about this speed. Plaintiff testified that he could have stopped his automobile within two or three feet as he crossed the intersection.
 

 Plaintiff’s second observation to his right was when
 
 *507
 
 he had reached the east-hound trolley track, a distance of about 15 feet from the south curb of Snyder Avenue. He was then about 15 feet from the westbound traffic lane, and 30 feet from, the north curb line of Snyder Avenue. To have crossed and cleared the intersection from the point of his second observation required him to travel about 30 feet plus the length of his car. Defendant’s truck at this time had “covered about one-third to one-half of the distance from his first point” just east of Bouvier 'Street. He crossed the double set of trolley tracks into the westbound traffic lane of Snyder Avenue, whereupon defendant’s truck, which was unable to stop, skidded into his automobile.
 

 We may assume that the driver of defendant’s truck was negligent, but plaintiff was also negligent when he took a chance and did not look again before entering the westbound traffic lane of 'Snyder Avenue.
 
 Lewis v. Hermann,
 
 112 Pa. Superior Ct. 338, 341, 171 A. 109;
 
 Woerner v. Heim,
 
 124 Pa. Superior Ct. 246, 249, 188 A. 391;
 
 Stevens v. Allcutt,
 
 320 Pa. 585, 184 A. 85;
 
 National Chair Co., Inc., v. Barrall,
 
 342 Pa. 389, 21 A. 2d 36. He had no right to enter therein unless, in the exercise of reasonable care and prudence, he was justified in believing that he could get across ahead of defendant’s truck.
 
 Dougherty v. Merchants’ Baking Co.,
 
 313 Pa. 557, 560, 169 A. 753. Without having observed the location of the approaching truck he had no basis for such a belief.
 

 “While the plaintiff complied with the statutory duty imposed upon him on approaching a through highway by stopping the car 'before entering the intersecting street and likewise complied with the requirement that he should look in both directions before entering the intersection, his duty did not end there. He was required to yield the right of way to vehicles approaching from either direction on the through highway: Act, May 1, 1929, P. L. 905, §1014, as amended (75 PS §573), and §1016, as amended (75 PS §591). When the plaintiff
 
 *508
 
 moved forward and entered the intersection it was also his duty to continue to look as he advanced into the intersection and to keep his car under such control that he could stop at any moment and avoid a collision:
 
 Dougherty v. Merchants’ Baking Co.,
 
 313 Pa. 557, 169 A. 753;
 
 Jaski v. W. Park Daily C. & D., Inc.,
 
 334 Pa. 12, 14, 5 A. 2d 105;
 
 Riley v. McNaugher,
 
 318 Pa. 217, 219, 178 A. 6”:
 
 Lehner v. Schellhase et al.,
 
 341 Pa. 260, at page 262, 19 A. 2d 91.
 

 Plaintiff, according to his own testimony, could have stopped when he reached the eastbound trolley tracks and saw defendant’s truck rapidly approaching in the westbound traffic lane then 90 to 120 feet distant. It was only when his automobile had gone from the north rail of the westbound trolley track into the westbound traffic lane that he looked again to his right and saw that an accident was unavoidable. (25a) Had he continued to look for the truck approaching from his right, he could have stopped, as he stated, within a foot or two, and the accident would have been averted. “The principle has been many times repeated that a driver who enters a street intersection without looking for vehicles proceeding on the cross street, or who looks but proceeds directly into the path of a rapidly approaching vehicle, is eontributorily negligent as a matter of law. At an intersection, a driver must not only look for cross traffic but! must continue to look as he crosses in order to avoid a possible collision”:
 
 Jaski et ux. v. West Park Daily Cleaners & Dyers, Inc.,
 
 334 Pa. 12, at page 14, 5 A. 2d 105, at page 106. Plaintiff having twice observed the truck approaching on his right did not discharge his duty by attempting to cross in its path without again taking precautions against its obvious speed of approach on a wet and slippery street or continuing his observation of the oncoming truck.
 
 Toyer v. Hilleman,
 
 320 Pa. 417, 183 A. 53. It does not contribute in the least to plaintiff’s contention that he was without
 
 *509
 
 fault to consider the respective distances and speeds of the two vehicles. On the contrary, it. is obvious upon such an examination that they were bound to meet. Cf.
 
 Woerner v. Heim,
 
 supra.
 

 The exercise of reasonable prudence required plaintiff to wait for the truck to pass,
 
 Clee v. Brinks, Inc.,
 
 135 Pa. Superior Ct. 345, 355, 5 A. 2d 387. And his failure to look and to govern himself accordingly before entering the westbound traffic lane of Snyder Avenue clearly convicts him of contributory negligence as a matter of law.
 
 Lewis v. Hermann,
 
 supra, p. 341. There were no other vehicles in the intersection or witbin the range of plaintiff’s vision, and his failure to look again at the truck after reaching the eastbound trolley tracks and before entering its path is inexplicable on any ground but negligence.
 
 Wescott v. Geiger,
 
 92 Pa. Superior Ct. 80, 83.
 

 Judgment is affirmed.