## Schupp, Appellant, *v.* Yagle.

Argued May 4, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Dale T. Lias,* for appellant.

*Robert D. Dalzell,* of *Dalzell, McFall & Pringle,* for appellee.

OPINION BY RHODES, J., July 23, 1942:

This action arose from a collision between two automobiles. The verdict of the jury was in favor of plaintiff. The court below entered judgment n. o. v. for defendant on the ground that plaintiff was contributorily negligent as a matter of law. This appeal is by plaintiff.

The accident occurred at the corner of Braddock Avenue and Kelly Street in the city of Pittsburgh. Braddock Avenue runs north and south and Kelly Street east and west. The latter is a through highway 40 feet in width between curbs, and Braddock Avenue is 30 feet in width between curbs. About 4 p. m. on January 18, 1939, plaintiff was driving his automobile south on Braddock Avenue, and defendant was driving her automobile east on Kelly Street. Plaintiff stopped at a stop sign 16 feet from the north curb line of Kelly Street. He then put his automobile in low gear, and without stopping at the curb line entered the intersection, when he saw defendant's car approaching about 250 feet on his right on Kelly Street. Plaintiff continued across the intersection, and when three-fourths of the way over his automobile was struck at the right rear wheel by defendant's automobile.

Plaintiff's own testimony makes it apparent that he was guilty of contributory negligence. He testified: "I came to the stop sign and I pulled up to the curbing

and I was in low gear. I saw a car approaching me about 250 feet down Kelly Street, and I went across Kelly, and I looked east and west and I was about a third of the way across and I seen the car coming up Kelly Street. It was coming at a moderate rate of speed when I saw it and from then on the car was speeded up. I looked again and it was still speeding and by the time I was three-quarters of the way I looked both ways—I was at the intersection and when I got three-quarters of the way across the intersection I was hit ....... Q. Well, you said you saw the Yagle car, as I understand you, about 250 feet away? A. I did; whenever I came out to the curbing on Kelly Street I did. I had made a full stop at the stop sign, then I started to approach Kelly Street at the intersection and I continued across. Q. That is, you started from the stop sign? A. Yes, sir. Q. And you continued on across Kelly Street without any further stop? A. Yes, sir. Q. And when you got to about the curb line you saw Mrs. Yagle's car approaching? A. Yes, sir. Q. About 250 feet away? A. Yes, sir. Q. And you continued on? A. Yes, sir. Q. And then you looked again? A. Yes, sir. Q. Where were you when you looked again? A. About a third of the way across Kelly Street. Q. Still on Mrs. Yagle's side of Kelly Street? A. No, I was still going across the intersection. Q. How rapidly were you moving at that time? A. I was still in low gear. I don't suppose I was going over eight miles an hour when I started out. Q. Within what distance could you have stopped your car running at that speed? A. Well, I could stop very quick. Q. Could you have stopped before you got into the south path of Kelly Street? A. I could have. Q. And at that time how far away was the Yagle car? A. About 150 feet down from the intersection. Q. How fast was it running? A. Well, the speed then—more speed than when I first saw it. Q. How fast was it going? A. I judge about 40 miles an hour when I saw it. ...... Q. What kind of a day

was it? A. Why, there was a sort of a slight snowfall. Q. Were the streets wet? A. Icy."

Defendant had the right of way, and plaintiff was bound to permit her to pass, unless he was so far in advance that, in the exercise of reasonable care and prudence, he was justified in believing that he could cross the intersection ahead of the approaching vehicle without danger of a collision. *Dougherty v. Merchants Baking Co.*, 313 Pa. 557, 560, 169 A. 753. We think that defendant's automobile was so close to the intersection and was traveling at such a rate of speed that plaintiff must have known that he could not cross ahead of it without testing a manifest danger. When proceeding across the intersection plaintiff was driving his automobile at about 8 miles per hour, and he could have stopped before he entered the eastbound traffic lane of Kelly Street, at which time defendant was 150 feet away and approaching at about 40 miles an hour. Instead of yielding the right of way to defendant, plaintiff attempted to cross ahead of her. Plaintiff was obliged to travel at least 20 feet plus the length of his automobile, at about 8 miles per hour, before defendant traveled 150 feet, in about 2 and 1/2 seconds. Reasonable prudence required plaintiff to wait for defendant to pass. This he could have done, as he testified, upon reaching the center of the intersection and before driving into defendant's path. Plaintiff was fully aware of defendant's approach 150 feet away at about 40 miles an hour, and he could not have failed to realize that he was taking a chance by attempting to cross in front of defendant when the speed of defendant's automobile compared with that of his own was bound to make a collision inevitable. As said in *Lehner v. Schellhase et al.*, 341 Pa. 260, at page 262, 19 A. 2d 91, at page 92: "[Plaintiff] was required to yield the right of way to vehicles approaching from either direction on the through highway: Act, May 1, 1929, P. L. 905, §1014,

as amended (75 PS §573), and §1016, as amended (75 PS §591). When the plaintiff moved forward and entered the intersection it was also his duty to continue to look as he advanced into the intersection and to keep his car under such control that he could stop at any moment and avoid a collision." See, also, *Porreca v. North Cleaners and Dyers, Inc.*, 146 Pa. Superior Ct. 504, 23 A. 2d 72; *Goddard v. Armour & Co.*, 136 Pa. Superior Ct. 158, 7 A. 2d 79. We are of the opinion that plaintiff, after entering the through highway, drove directly and knowingly into the path of defendant's approaching automobile. Under the circumstances the court below was entirely justified in saying as a matter of law that plaintiff was contributorily negligent.

Judgment of the court below is affirmed.