## Maiden *v.* Philadelphia Transportation Company (et al., Appellant).

Argued March 16, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Robert C. Duffy,* for defendant, appellant.

*Harold Scott Baile,* with him *Richardson Dilworth* and *Bernard J. O'Connell,* for defendant, appellee.

*Samuel A. Wurtman,* for plaintiff, appellee.

OPINION BY FINE, J., July 23, 1948:

Benjamin Maiden instituted this action in trespass against Philadelphia Transportation Company, appel-

lee (hereinafter called P. T. C.), and Shirks Motor Express Company, appellant, to recover damages for injuries sustained when a trolley car of P. T. C., in which Maiden was a passenger, was struck by appellant's truck. The case was tried by a judge without a jury and a verdict was entered in favor of Maiden against Shirks in the amount of $1000.00, but absolving P. T. C. of any negligence. This appeal by Shirks is from the decree of the court en banc dismissing its motions for judgment n. o. v. and for a new trial. The assignments of error challenge the verdict of the trial judge in favor of P. T. C., the appellant contending that the evidence establishes P. T. C. guilty of concurrent negligence. Appellant concedes its negligence.

The evidence, viewed in a light most favorable to appellee and giving it the benefit of all inferences and deductions reasonably to be made therefrom, supports the finding of the trial judge, the trier of the facts, that P. T. C. was in no way responsible for the collision. The collision occurred May 16, 1946, about 11:00 a.m. at the right angle intersection of Girard Avenue and Twentieth Street in the City of Philadelphia. Twentieth Street runs north and south with a single set of trolley tracks in the center and is a one-way street for traffic proceeding north. There is a "Stop-Thru Traffic" sign located on the southwest corner for traffic on Twentieth Street. Girard Avenue is forty feet wide, contains a double set of trolley tracks and is a two-way street for traffic moving east and west. Girard Avenue at this intersection is a through street or thoroughfare.

W. S. Bergey, operator of appellee's trolley, was proceeding north on Twentieth Street. He came to a full stop at the south crosswalk to discharge and take on passengers. He stated that ". . . when I was ready to start I looked west and I seen a truck about a half a block away. I looked east and I started across the street, as there was nothing at all coming east." Appellant's truck was proceeding east on Girard Avenue and

when first observed by Bergey was approximately 150 to 200 feet from the intersection and traveling about fifteen to twenty miles per hour. The speed of the trolley as it entered the intersection was eight to ten miles per hour. The front of the trolley had reached the north crosswalk when appellant's truck skidded on the wet street and collided with the rear left side of the trolley. Benjamin H. Anthony, the conductor, seated in the middle of the trolley and facing west, stated that the trolley had stopped to discharge "as much as three passengers" and then proceeded into the intersection. He first observed appellant's truck ninety to one hundred feet away after passengers had been discharged. When the accident occurred, the front of the trolley was "completely over" to the houseline on "the north side of Girard Avenue."

Appellant contends the testimony that, after looking west as he started into the intersection, he proceeded "without looking back at the truck," is conclusive of the concurrent negligence of P. T. C. It is argued that in such circumstances the duty of reasonable care is not discharged by giving "merely a cursory glance." This contention, however, assumes the glance was merely cursory and ignores the fact that when appellant's truck was 150 to 200 feet away there was no indication that the truck was being operated in a negligent manner, or at a high rate of speed. The motorman did everything a reasonably prudent man could be expected to do under the circumstances. He looked first to the west and then to the east and then looked ahead and even if he had done what appellant claims he should have done—looked to the west again, he could not have avoided the collision which appellant's negligence made inevitable.

Cases cited by appellant to the effect that the operator of a vehicle crossing an intersection must not only look to his left and right as he enters the intersection but continue to look as he advances, are not controlling. (Cf. *Bowers v. Gaglione,* 322 Pa. 329, 332, 185 A. 315; *Svestka v. Union Collieries Co.,* 149 Pa. Superior Ct.

468, 27 A. 2d 675.) Where, as here, the evidence clearly reveals that the trolley was stopped at the curb line as required, that the motorman at that moment looked and observed an approaching truck, sufficiently distant and apparently being operated in a careful manner, he was justified in believing he could enter and safely traverse the intersection without danger of collision. This is not a case where a driver looked and saw nothing and was struck immediately thereafter by an oncoming vehicle; rather it is a case where a prudent man reasonably believed that the oncoming vehicle which he observed was sufficiently distant and under such control that he could safely cross the intersection. The learned court below aptly observed that "the fact that the trolley car was struck in the rear, even after the truck had swerved northward, indicates to our mind that there is no fault to be found with the motorman's judgment in proceeding across Girard Avenue." *Alperdt v. Paige,* 292 Pa. 1, 140 A. 555; *Weber v. Greenebaum,* 270 Pa. 382, 113 A. 413; *Schupp v. Yagle,* 149 Pa. Superior Ct. 464, 27 A. 2d 290; *Goddard v. Armour and Co.,* 136 Pa. Superior Ct. 158, 7 A. 2d 79. A driver of a vehicle is not bound to keep his eyes fixed in one direction and keep a known approaching vehicle under constant observation to the exclusion of exercising care for dangers which may arise from other directions; nor is he required to wait for *all* observable traffic to clear the intersection before he ventures into it. Furthermore, he is not bound to anticipate the negligence of another but may properly assume that due care will be exercised by the driver of the oncoming vehicle.

Intervening distance, apparent speed of approaching vehicles and presence or absence of vehicles on the highway are factors which must be taken into consideration in determining whether a motorman would be justified in believing that he could cross an intersection without danger of collision. It cannot be said that the court below, having considered these factors, improperly con-

194

cluded as a fact that the motorman exercised reasonable care and prudence in the circumstances, and should have found that the motorman was obviously testing a manifest danger and therefore guilty of negligence as a matter of law. Where a judge hears a case without a jury, his findings on the facts have the same force and effect as the verdict of a jury. If binding instructions would have been improper at the close of the evidence the court cannot subsequently enter judgment n. o. v.: *Moore v. W. J. Gilmore Drug Co.,* 131 Pa. Superior Ct. 349, 200 A. 250.

Judgment affirmed.