# Armstrong *v.* Reading Street Railway Company, Appellant.

Argued March 19, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*William George,* with him *Ralph C. Body* and *Body, Muth, Rhoda & Stoudt,* for appellant.

*William R. Forry* and *Forry & Forry,* for appellee, submitted a brief.

OPINION BY ROSS, J., July 17, 1952:

This action of trespass arose out of a collision between an automobile owned and operated by the plaintiff and a bus of the defendant Reading Street Railway Company. After a jury verdict in favor of the plaintiff, the defendant filed motions for a new trial and for judgment n.o.v. After the lower court refused both motions, the defendant took this appeal.

Following the well-established principle that the one in whose favor the jury has found is entitled to have the evidence supporting his verdict considered and all the rest rejected, and that he is entitled to a review of the evidence in the light most favorable to him, the verdict established the following facts: On August 17, 1949 at about 2:55 p.m., the plaintiff was driving his automobile east on Marion Street at a speed of 20 to 25 miles an hour. The day was "fair and sunny" and the streets dry. A bus, 30 to 32 feet long and 8 feet wide, also owned by defendant, facing north on Tenth Street, was stopped for the loading of passengers. The bus was parked at an angle, its front end resting close to the curb about "a couple of feet" from the south curb line of Marion Street, and its rear end 3 to 4 feet from the east curb of Tenth Street. When

the plaintiff was some 40 feet from the intersection he looked to his right (south) and saw the stopped bus but no other traffic. He then looked to his left (north) and saw no vehicular traffic moving south on Tenth Street. When plaintiff looked to his right again he was about 10 feet from the intersection and saw the defendant's bus—the one involved in the collision—swing around the stopped bus and move north toward the intersection. The plaintiff testified that the bus "seemed to be moving rather fast and I realized I had to stop". Plaintiff who was at that time traveling at 15 miles an hour, applied his brakes and his car was "stopped about 2, 3 feet *before I reached the center of Tenth Street*", (Italics supplied.) when the bus, traveling partially in the west or left lane of Tenth Street struck it.

In support of its motion for a new trial the defendant advances the usual formal reasons that the verdict of the jury was against the charge of the court and the weight of the evidence. This motion requires no discussion. From our examination of the charge of the court and the testimony in the case it is our conclusion that the learned court below did not err in refusing the motion for a new trial.

That the question of defendant's negligence was for the jury is not seriously questioned by the defendant, nor could it be. It does strenuously contend, however, that it is entitled to judgment n.o.v. on the ground that the plaintiff was guilty of contributory negligence as a matter of law. In determining this contention, which is the only substantial question involved in this appeal, the following principles are well established: It is only in a clear case where the evidence is such that reasonable minded men can unite in the conclusion that a victim of an accident was negligent that a court is justified in declaring him negligent as a matter of law. The question of contributory negligence cannot

be treated as one of law unless the facts and the inferences from them are free from doubt, if there is doubt as to either, the case is for the jury, and the verdict for the plaintiff is a finding that he was free from contributory negligence.

The cases cited by the defendant in support of its contention that the plaintiff was contributorily negligent as a matter of law are readily distinguishable from this case. In those cases the party whose negligence was judicially declared entered an intersection in virtually complete disregard of an *obvious* danger. In *Williams v. Phila. T. & Laundry Co.*, 150 Pa. Superior Ct. 643, 29 A. 2d 336, the collision occurred in a right-angle intersection. The plaintiff was proceeding north and the defendant's truck west. The plaintiff saw the defendant's truck approaching at a time when he could have stopped and permitted the truck to pass in front of him. Plaintiff chose, however, to enter the intersection because he thought he had the right of way. Under such circumstances we held the plaintiff contributorily negligent as a matter of law. *Dixon v. Pentony*, 116 Pa. Superior Ct. 443, 176 A. 782, was a trespass case arising out of an automobile collision. Plaintiff was proceeding south toward a right-angle intersection and when she was 25 feet from it she *heard* at her left the noise of another car coming westbound at a high rate of speed. Although she was unable to see the approaching machine as her vision was obstructed by buildings on her left, she continued to drive toward the east-west street without looking for oncoming traffic at either the house line or the curb line. She drove 5 feet into the intersection, and for the *first time* looked to her left (east). Defendant's car, traveling at 55 to 60 miles an hour struck her. We reversed a judgment for the plaintiff and entered judgment for the defendant, stating that the plaintiff had the duty in driving her car to "exer-

cise her senses" to prevent her own injury. If she had looked at the house line or the curb line, we said, she would have seen the defendant's car approaching. In *Harnly v. Isaacman,* 98 Pa. Superior Ct. 170, the plaintiff attempted to cross the intersection at a time when no reasonably prudent man would have been justified in believing it could be done. He was, of course, convicted of contributory negligence as a matter of law.

In this case, the jury was justified in finding that plaintiff looked to his right before he entered the intersection and that he did not observe the approach of defendant's bus because of the other bus which was stopped on Tenth Street. The jury could have found further that the plaintiff looked right again when his duty to do so arose, that is, when he neared the middle of Tenth Street. Plaintiff did at that time see the bus which was involved in the collision and, in view of the fact that he was stopped 2 or 3 feet short of the north-bound lane of Tenth Street, it could reasonably be found that the accident would not have occurred *if* defendant's bus had been in its proper lane. Plaintiff was not required to anticipate the negligence of the defendant's driver. Cf. *Freedman v. Ziccardi,* 151 Pa. Superior Ct. 159, 30 A. 2d 172, and *Kaiser Co., Inc., v. American Ind. Laundry Co.,* 138 Pa. Superior Ct. 124, 10 A. 2d 64.

Judgment affirmed.