James D. SCULLY

v.

RAILWAY EXPRESS AGENCY, Inc.

Civ. A. No. 15738.

United States District Court
E. D. Pennsylvania.

Jan. 13, 1956.

Rehearing Denied Feb. 20, 1956.

Thomas Z. Minehart, Philadelphia, Pa., for plaintiff.

Thomas Raeburn White, Jr., White, Williams & Scott, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

The jury was unable to agree on a verdict at the trial of this case and defendant has filed a motion for entry of judgment in his favor under Rule 50 (b), Fed.Rules Civ.Proc. 28 U.S.C., on the ground that plaintiff was guilty of contributory negligence as a matter of law.

■ Whether the plaintiff was, or was not, contributorily negligent as a matter of law under the Pennsylvania decisions is a very close question on the facts of this case. The trial judge pointed out the apparent difficulty of plaintiff's position at the conclusion of plaintiff's case when defendant's motion to

dismiss the action under Rule 41 was denied.

As a result of argument on defendant's motion for judgment under Rule 50(b) and the authorities submitted to the trial judge, the record has been reviewed in an effort to determine all the evidence which can possibly support the plaintiff's contentions. This evidence may be summarized as follows:

1. The accident in question occurred between 6:00 and 6:30 P.M. on June 9, 1953, at the intersection of 17th Street and the Benjamin Franklin Parkway in the City of Philadelphia (N. T. 8). It was daylight and there was a sun shower at the time (N. T. 8).

2. Plaintiff was driving his 1951 DeSoto Sedan in a westerly direction in the second lane from the north curb of the Parkway. There was no traffic either ahead of or abreast of the plaintiff (N. T. 8–9).

3. When plaintiff passed 16th Street, he looked ahead toward 17th Street and saw that the traffic light was red for Parkway traffic, whereupon plaintiff allowed his car to decelerate (N. T. 9).

4. When plaintiff was about 300 feet from the 17th Street intersection, the light turned to green and he started to accelerate his car (N. T. 10).

5. As plaintiff approached 17th Street, he allowed his car to decelerate. Plaintiff had his foot on the brake pedal, but did not depress the pedal (N. T. 32). He looked up Cherry Street and 17th Street. Plaintiff's vision up 17th Street was obscured by a wall on the northeast corner of the intersection surrounding the Friends Select School (N. T. 11).

6. When plaintiff, traveling at a speed of less than 13 miles per hour (N. T. 31), reached a point 10 feet east of the east curb line of 17th Street, he first saw defendant's tractor-trailer, which was traveling south on 17th Street in the east lane with one wheel in the middle of the car tracks and one wheel toward the east curb of 17th Street. The tractor-trailer was about 8 feet north of the north curb line of the Parkway (N. T. 12) and was moving at a speed of about 30 miles per hour (N. T. 14).

7. Plaintiff applied his brakes in an effort to stop, though he was not sure as to the exact point at which he depressed them (N. T. 34). Plaintiff succeeded in stopping his car at a point 5 feet east of the 17th Street car tracks (N. T. 34).

8. After he had stopped, plaintiff's vehicle was struck by the trailer part of the tractor-trailer at a point just behind the cab of the tractor-trailer (N. T. 12, D–2). Plaintiff was thereupon rendered unconscious (N. T. 13).

9. As plaintiff approached the intersection and at the time of the collision, the light was green for Parkway traffic and red for 17th Street (N. T. 14, 59).

After considering this evidence, the trial judge believes that defendant's motion for a judgment in its favor must be denied, even though the diagram offered in evidence by plaintiff (Exhibit P–1A) shows that plaintiff could have looked north on 17th Street with an unobstructed view prior to the time he reached a point 10 feet east of the east curb line of 17th Street.[1]

The significant testimony in plaintiff's favor is the following language at page 11:

"Q. Well, now, as you approached the intersection of 17th Street, when—you say you looked. When did you first start to look? A. Well, I was looking all the while I was approaching 17th Street. I was looking at everything in front of me as you do when you drive.

[1] Plaintiff's testimony indicates (N. T. 10–12) that the first time he could look beyond the wall around the Friends Select School was when he was about 10 feet east of the east curb line. See paragraph numbered 6.

"Q. I am talking particularly with reference to 17th Street. A. Well, as I approached, I checked Cherry Street, and I continued to look up 17th Street and try to look beyond the wall.

"Q. Now, the first time you looked towards 17th Street, did you see the truck? A. No, I don't think that at the first glance, because you look up 17th Street and you look past the corner of this wall; then you have to get up to it. When I got up to it, then I saw the truck."

■■ This testimony shows that the plaintiff did look up 17th Street prior to the time that he arrived at the point 10 feet east of the east curb line of 17th Street when he first saw defendant's tractor-trailer. The Pennsylvania cases do not require a driver to be constantly looking toward an intersecting street and it is also not necessary for a driver approaching a green light to bring his car to a stop because another car *might* come down an intersecting street at a high rate of speed, even though the view along this intersecting street is partially obstructed. Although the green light only gives the driver a "qualified permission" to proceed lawfully and carefully, the fact of the green light may make it unnecessary for the driver approaching such a light to come to a complete stop. These cases seem most pertinent, although no case has been found directly in point: Pelligrini v. Coll, 1938, 133 Pa.Super. 294, 2 A.2d 491; Kline v. Kachmar, 1948, 360 Pa. 396, 400, 61 A.2d 825; and Lewis v. Quinn, 1954, 376 Pa. 109, 113–114, 101 A.2d 382.[2] The other authorities cited in the very able briefs of both counsel for plaintiff and counsel for defendant have been considered but are not inconsistent with the above cases as applied to the situation presented by this record.

## Order

■ Upon consideration of brief and letter of February 13, 1956, filed in support of defendant's motion for judgment on reargument and the oral arguments presented, defendant's motion for judgment on reargument is denied and the order of January 13, 1956, is confirmed.[1]

2. These cases appear to modify the general rule of such cases as Jaski v. West Park Daily Cleaners & Dyers, Inc., 1939, 334 Pa. 12, 14, 5 A.2d 105, which are relied on by defendant. The trial judge recognizes that this plaintiff could not stop and avoid the collision when he first saw defendant. The rule of these cases cited in the opinion apparently applies to the driver of a car with a green light in his favor who cannot see a vehicle on the intersecting street until he reaches a point so close to the intersection that he would have to stop his car instantly in order to keep it from entering the intersection subsequent to the entrance upon said intersection of another vehicle approaching on the intersecting street at such a high rate of speed that it will pass through the red light. Although these cases do not fully discuss the point, they apparently hold that such a driver will not be held guilty of contributory negligence as a matter of law, even though he does not have his car under such control at the point where he can first see such vehicle that he can stop prior to entering the intersection.

1. The cases of Barrett v. Bass, 1928, 95 Pa.Super. 123; Armstrong v. Reading St. Ry. Co., 1952, 171 Pa.Super. 65, 90 A.2d 277; and Hogg v. Muir, 1956, 383 Pa. 413, 119 A.2d 53, are added to those cited at page ——, of the opinion of January 13, 1956. As stated in paragraph 2 of that opinion the rule that would be followed by the Pennsylvania appellate courts on these facts is difficult to determine with certainty; cf., for example, Dixon v. Pentony, 1935, 116 Pa.Super. 443, 176 A. 782; but in cases of doubt as to the adequacy of oral testimony, a plaintiff should not be deprived of his right to a jury trial. See MacDonald v. Pennsylvania R. Co., 1944, 348 Pa. 558, 36 A.2d 492; Zentz v. Buchman, 3 Cir., 1938, 103 F.2d 850, 852; cf. Armstrong v. Connelly, 1930, 299 Pa. 51, 149 A. 87.